## Nelson Mason, Assignee, etc.,

### *v.*

## Catharine E. Tiffany, Admx., etc., *et al.*

1. Practice — *reinstatement of a cause — after the lapse of the term at which it was dismissed.* A court has the power to reinstate a case after the lapse of the term at which it was dismissed, where, by the terms of the order of dismissal, such right was reserved.

2. Same — *when parties will be deemed to have waived all objections to such reinstatement.* And in such case, all objections to the order reinstating the case will be deemed to have been waived by the parties, where, after the entry of such order, by their action, the case is recognized as properly in court.

3. Partnership — *debts of — payment may be enforced against surviving partner, or assets of deceased partner.* Every partnership debt is joint and several, and, in all such cases, resort may be primarily had for the debt to the surviving partners, or to the assets of the deceased partner.

4. Former decision. The case of *Ladd* v. *Griswold*, 4 Gilm. 25, cited as fully sustaining this doctrine.

5. Partnership — *concerning the rights and remedies of creditors of a partnership.* George B. Tiffany & Co., through Tiffany, made a contract for the

firm with M., McA. & Co., for the manufacture of a certain number of boilers, and before their delivery Tiffany died; and they were received by the surviving partners, who continued the business in the old name, and in such firm name executed notes for the purchase price. Subsequently, Tiffany's interest in the concern was purchased by the surviving partners, and, shortly after, they made a general assignment for the benefit of creditors. *Held,* that this was an indebtedness subsisting against the firm in the life-time of Tiffany, contracted before its dissolution by his death, for which his separate estate was liable.

6. SAME. And in such case, it is no objection, that the surviving partners remained solvent for a long time before their assignment, and that the assigned assets were sufficient to pay the claim, the creditors of the firm having the right to resort either to the surviving partners, or to the estate of the deceased partner at their option, and at any time, so that they kept within the statute of limitation. Their condition was not that of a holder of indorsed paper, bound to diligence.

7. EXECUTORS AND ADMINISTRATORS—*presenting claim against an estate to — sufficient — without presenting it to the court.* Presenting a claim against an estate to the administrator for payment, within two years after the grant of the letters, is sufficient to prevent the bar of the statute. It is no objection, that it was not presented to any court for allowance.

APPEAL from the Circuit Court of Lake county; the Hon. GEORGE MANIERRE, Judge, presiding.

The opinion states the case.

Messrs. ARRINGTON & DENT, for the appellant.

Mr. U. P. SMITH and Messrs. BLODGETT, UPTON & WILLIAMS, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding in chancery, in the Lake Circuit Court, by Nelson Mason, assignee of Mason, McArthur & Co., against Catharine E. Tiffany, administratrix, and William C. Tiffany and Edward S. L. Bachelder, administrators, of George B. Tiffany, deceased, and Hiram Morgan and others, surviving partners of the late firm of George B. Tiffany & Co., to enforce the payment by the estate of George B. Tiffany, on account of

394       MASON, ETC., v. TIFFANY, ADMX., ETC., et al. [Sept. T.,

Opinion of the Court.

the insolvency of the surviving partners, of a claim held by the complainant against that firm.

The claim grew out of a contract made by the firm of Tiffany & Co., through Tiffany, with Mason, McArthur & Co., that they should manufacture for the firm a certain number of boilers. Before the boilers were delivered, George B. Tiffany died. The boilers were sent to the survivors of the firm, who continued the business in the old name, and they executed notes for the price in the firm name, four of which were made payable four months after date, and were dated May 8, 1857. On the 5th of November, 1857, the surviving partners of Tiffany & Co., having purchased Tiffany's interest in the concern, made a general assignment for the benefit of their creditors. At the February Term, 1858, of the Lake Circuit Court, various judgments were recovered against the surviving partners, on which executions were issued and returned unsatisfied, and the judgments yet remain unsatisfied.

Letters of administration were granted to Catharine E. Tiffany and the others named, on the 3d of March, 1857.

It would seem from the answer of the defendants, that they resisted the payment of complainant's claim on several grounds: First, that the boilers were not delivered until after the death of Tiffany, and not under the contract made by him while he was a member of the firm, but under a contract made by the surviving partners, who executed their notes for the purchase price in the name of George B. Tiffany & Co., they continuing the business under that name; second, that the firm of Tiffany & Co. is not insolvent, and that the assets, notwithstanding the assignment, were liable to the creditors of the firm, by judgment and execution, and that, if judiciously applied, would be ample to pay the debts, and this for a time long after the maturity of the notes, and that the complainant's claim could have been collected of the survivors at any time prior to November 5, 1857, the date of their assignment, by the exercise of ordinary diligence; third, that, though application was made to them, as administrators, to pay this claim, they rightfully refused to pay it because the estate was not

liable, the contract having been made after the death of their intestate, and because the claim had not been allowed by, or been established by, any court as a charge or debt against the estate; and, fourth, because the complainant had failed to present the claim against the estate within two years from the time of granting the letters of administration, and that, in consequence thereof, the claim was barred.

The court, on the hearing, dismissed the bill for want of equity.

To reverse this decree, the complainant appeals to this court, and makes these points: That complainant, as assignee of Mason, McArthur & Co., having a right to collect the notes which they took from the firm of George B. Tiffany & Co., was entitled to proceed in equity against Tiffany's estate; second, that there is no statute of limitations which can be set up as a bar to this proceeding.

A preliminary objection is made by the appellees, growing out of the reinstatement of the cause, at a subsequent term, after it had been dismissed. It is a sufficient answer to this, that, by the terms of the dismissal, the complainant had leave to reinstate the cause upon making a written application to the judge within thirty days after the term, and it nowhere appears such application was not made. On the contrary, it must be presumed, from the fact that appellees, at the term at which the cause was reinstated, agreed the cause should be referred to the master, and at the next term they took leave to amend their answer, and at all times during the progress of the cause they recognized it as a cause in court, that they had waived all objections to its being reinstated, and admitted that the requisite application therefor had been made.

The solution of the questions made by complainant will dispose of the whole case, as in their discussion all the points made by appellees are involved.

Every partnership debt being joint and several, it follows, necessarily, that resort may be had in the first instance, for the debt, to the surviving partners, or to the assets of the deceased partner. *Ladd* v. *Griswold*, 4 Gilm. 25.

That these boilers were ordered by the firm of Tiffany & Co., and the construction superintended in some degree by Tiffany himself, is fully proved, and that they were delivered to, and accepted by, the surviving partners, and the notes in question executed therefor in the firm name, is equally apparent, and so made, delivered and accepted, substantially under the contract made with Tiffany for the firm, and went to the benefit of the firm, and were in part the interest of Tiffany in the concern which appellees, his administrators, sold to the surviving partners.   There can be no doubt this was an indebtness subsisting against the firm of George B. Tiffany & Company in his life-time, and contracted before the firm was dissolved by the death of Tiffany.   The notes executed by the survivors were mere evidence of the amount of debt and time of payment, the debt itself existed independent of the notes, and was a debt for which the separate estate of Tiffany was responsible.

Upon the second point, if it was a fact that the surviving partners remained solvent for a long time before the assignment, and the assigned assets were sufficient to pay this claim, still those facts did not require the complainant to press his claim against them, the estate of the deceased partner being equally a fund on which he had a right to rely.   Complainant was not in the condition of a holder of indorsed paper, bound to diligence, but could make his election to which fund he would resort, and at what time, so that he kept within the statute of limitations.   This brings us to the consideration of the fourth objection made by appellees in their answer, the third being substantially involved in the first and second, which we have above discussed.

Appellees insist the claim was not presented for allowance within two years after the grant of letters of administration.

It is true, it was not presented to any court for allowance, but it was presented to, and payment demanded of, one of the administrators, within the two years, and on his refusal to pay it, these proceedings were instituted.   This court has held, in the case of *Wells* v. *Miller, ante,* p. 33, that presenting a claim

to an administrator within the two years, for payment, takes it out of the bar of the statute.   Considering section 115 of the statute of wills, to which appellees refer in connection with section 116, it would seem that presenting a claim to an administrator within the two years, was sufficient to prevent the bar of the statute.

But it is insisted by appellees, that the claim of complainant is not of an equitable character, and resort can only be had in equity when the assets of the firm are exhausted.   We think there is evidence in the record sufficient to show, that, as to them, the prospect of making the amount of the claim out of their proceeds was perfectly hopeless.   So early as 1858, judgments were recovered against the survivors as partners, which the assets have not satisfied, and the presumption is, from the proofs on that point, that they were not sufficient to pay the debts.   The estate is able to pay this debt, and, on acknowledged principles, is liable to pay it; and as it is not barred by the statute of limitations, a decree for its payment out of the assets of the estate should have passed, instead of a decree dismissing the bill for want of equity.

The decree is reversed and the cause remanded.

*Decree reversed.*