### AUGUST FISHER

*v.*

### CHRISTOPHER DEERING.

1. LEASE—*assignment.* At the ancient common law, a lease, like any other agreement or *chose in action,* was not assignable so as to give the assignee an action against the tenant; but, by the 32 Hen. 8, chapter 34, section 1, the assignee of the reversion became invested with the rents, and where the tenant attorned to him, he might maintain an action of debt to recover subsequently accruing rents.

2. Although the assignment of the reversion created a privity of estate between the assignee and the tenant, still it required an attornment to create such a privity of contract even under the 32 Hen. 8, as would authorize the assignee to sue for and recover the rent in his own name.

3. The 4 and 5 of Anne, chapter 16, was adopted by the British Parliament to dispense with the necessity of an attornment, to enable the assignee to sue for and recover the rent from the tenant. But this statute is not in force in this State.

4. COMMON LAW—*British statutes—how far in force.* Our general assembly has adopted the common law, and all British statutes, with a few exceptions, in aid of the common law, so far as they are applicable to our condition, passed prior to the fourth year of James the First, as the rule of decision, until altered or repealed. The 32 Hen. 8, chapter 34, section 1, was adopted prior to that time, and is applicable to our condition, and is in force. And the legislature, in adopting it, will be presumed to have intended to adopt the judicial construction that had been placed on that statute.

5. LANDLORD—*tenant—grantee of the premises.* Where a landlord had leased premises, and before the expiration of the term sold and conveyed to a third person, and the tenant had paid one or more installments of the rent to the grantee: *Held,* that such payment amounted to an attornment,

and was such a recognition of the grantee, as his landlord, as authorized the latter to sue for and recover the rent by an action of debt.

6. FORMER DECISION. The case of *Chapman* v. *McGrew*, 20 Ill. 101, considered and overruled.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellant.

Mr. J. A. CRAM, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears, from an examination of the authorities, that at the ancient common law a lease was not assignable so as to invest the assignee with the legal title to the rent. Such instruments were, in that respect, on a footing with other agreements and *choses in action.* But the 32 Hen. 8, chapter 34, section 1, declared that the assignee of the reversion should become invested with the rents. But notwithstanding this enactment, the courts held that the assignee of the reversion could not sue for and recover the rent unless the tenant should attorn, when the holder of the reversion might recover subsequently accruing rent in an action of debt. *Marle* v. *Fake,* 3 Salk. 118 ; *Robins* v. *Cox,* 1 Levinz, 22 ; *Ards* v. *Walkins,* 2 Croke's Eliz. 637 ; Knowles' Case, 1 Dyer, 5 b. 5 Barn. & Cress. 512, and the note.

In *Williams* v. *Hayward,* 1 Ellis & Ellis, 1040, after reviewing the old decisions on this question, it was, in substance, held that, under the 32 Hen. 8, an assignee of the rent, without the reversion, could recover when there was an attornment, and that such an assignee could, under the 4 of Anne, recover without an attornment.

The courts seem to have proceeded upon the ground that there could be no privity of contract unless the tenant should attorn to the assignee of the reversion ; that, whilst the assignment of the reversion created a privity of estate between the

assignee and the tenant, privity of contract could only arise by an agreement between them. Some confusion seems to have got into the books from calling the purchaser of the reversion an assignee of the lease, by its passing by the conveyance as appurtenant to the estate. But where the tenant attorned to the assignee of the reversion the assignment became complete, and then there existed both privity of estate and of contract between the assignee and the tenant, and by reason of the privity of contract the assignee might sue in debt, and recover subsequently accruing, but not rent in arrear at the time he acquired the reversion.

To give the assignee of the reversion a more complete remedy, the 4 and 5 Anne, chapter 16, section 9, was adopted, dispensing with the necessity of an attornment which the courts had held to be necessary under the 32 Hen. 8, to create a privity of contract. But this latter act has never been in force in this State, and hence the decisions of the British courts, made under it, are not applicable. In many States of the Union this latter act has been adopted, and the decisions of their courts conform, of course, to its provisions. But we having adopted the common law of England, so far as the same is applicable and of a general nature, and all statutes or acts of the British parliament made in aid of, and to supply defects of the common law, prior to the fourth year of James the First, except certain enumerated statutes, and which are of a general nature and not local to that kingdom, they are declared to be the rule of decision, and shall be considered of full force until repealed by legislative authority. Gross' Comp. 1869, 416. It then follows that the 32 Hen. 8, chapter 34, section 1, is in force in this State, as it is applicable to our condition, and is unrepealed. And we must hold, that the construction given to that act by the British courts was intended also to be adopted.

The facts in this case show such a privity of contract as brings it fully within the rule announced in the above cases. Appellee paid to appellant several installments of rent falling

due under the lease after it was assigned to him. By paying the rent, the lessee fully recognized the appellant as his landlord, and created the necessary privity of contract to maintain the action.

The case of *Chapman* v. *McGrew*, 20 Ill. 101, announces a contrary doctrine. In that case this question was presented, and notwithstanding the lessee had fully recognized the assignee of the lease as his landlord, it was held that the lessor of the premises might maintain an action to recover the rent. In that case, the fact that the lessee had attorned to the assignee, was given no weight, and the fact that such privity was thereby created as authorized the assignee of the lease to sue for, and recover the rent, was overlooked. In that, the decision was wrong. The right of action could not be in both the lessor and his assignee, and the privity thus created gave it to the latter.

The subsequent case of *Dixon* v. *Buell*, 21 Ill. 203, only holds that such an assignee, whether he holds the legal or equitable title to the lease, may have a claim for rent growing out of the lease, probated and allowed against the estate of the lessee. That case has no bearing on the case at bar.

The judgment of the court below is reversed and the cause remanded.

<div align="right">

*Judgment reversed.*