ANTHONY SCHEIDT

v.

AUGUSTUS J. BELZ ET AL.

4    431
f99  5434

1. LANDLORD AND TENANT—ASSIGNMENT OF LEASE—ATTORNMENT.— Where the reversion in a lease has been conveyed, and the tenant has attorned to the assignee, all the covenants in the lease that run with the land, can be taken advantage of by either party, and if the tenant thereafter commits a breach of any of such covenants the assignee can alone recover damages therefor.

2. COVENANTS THAT RUN WITH THE LAND—DEFINITION.—A covenant is said to run with land, when either the liability to perform it, or the right to take advantage of it, passes to the assignee of that land; and to run-with

the reversion, when either the liability to perform it or the right to take advantage of it passes to the assignee of such reversion.

3. WHAT ARE COVENANTS RUNNING WITH LAND.— Such covenants to be within the statute must be such as touch the thing demised, and not collateral to it, as to repair, for quiet enjoyment, and to surrender possession in good repair.

4. MEANING OF "APPURTENANCES."— The breach alleged is, for not surrendering possession with the appurtenances. In legal acceptation the word appurtenances means something belonging to another thing as principal, and which passes as incident to the principal thing, but will not include personal property, which was totally disconnected with the demised premises.

5. RIGHTS OF MORTGAGEE.—A mortgagee of the reversion stands in the same position as a grantee, and is entitled to the rents, and after attornment may sue and collect them of the tenant.

ERROR to the Circuit Court of Will county; the Hon. FRANCIS GOODSPEED, Judge, presiding. Opinion filed November 1, 1879.

Messrs. HALEY & O'DONNELL, for plaintiffs in error ; that the substitution by amendment of the name of John Belz as *cestui que use* did not make him a party to the action, and a recovery cannot be had, cited Kyle v. Thompson, 2 Scam. 432; Zimmerman v. Wead, 18 Ill. 304.

On failure to plead to an amended declaration, the old pleas stand to the amended declaration : Parmlee v. Fisher, 22 Ill. 212; McAllister v. Ball, 28 Ill. 211; Wright v. Lessees of Hollingsworth, 1 Pet. 165.

A plea of *non est factum* does not estop the defendants from showing that plaintiffs had parted with their right to maintain the action: Franklin v. Palmer, 50 Ill. 202; St. John v. Quitzow, 72 Ill. 334; Tilghman v. Little, 13 Ill. 239; Rev. Stat. 778.

The right of action is in the assignee of the lease: Fisher v. Deering, 60 Ill. 114.

A parol surrender of a lease is sufficient: Baker v. Pratt, 15 Ill. 568; Allen v. Jaquish, 21 Wend. 628; Dearborn v. Cross, 7 Conn. 48.

Appurtenances do not include personal property: Bliss v. Kennedy, 43 Ill. 67.

Under *non est factum*, defendant may show that execution

of the lease was obtained by fraud: Governor v. Lagow, 43 Ill. 134; 2 Greenleaf on Ev. 204; Anon. Lofft Rep. 457.

As to fraud: 1 Story Eq. Jur. § 186; Fauntleroy v. Wilcox, 80 Ill. 477; Sims v. Klein, Breese, 302; Deere v. Lewis, 51 Ill. 254.

Messrs. Barber & Randall, for defendants in error; that such proof only is proper which is pertinent to the issue, or has its foundation in the pleadings, cited Doyle v. Teas, 4 Scam. 202; Ill. Cent. R. R. Co. v. Godfrey, 71 Ill. 500; T. W. & W. R. R. Co. v. Morgan, 72 Ill. 155; Ill. Cent. R. R. Co. v. McKee, 43 Ill. 119.

In covenant there is no general issue, but each fact in defense must be specially pleaded: Cox v. Reed, 27 Ill. 434.

The pleas to the original declaration could stand to it as amended: McAllister v. Ball, 28 Ill. 211.

An opinion as to the law is not fraud against which relief will be granted: Fish v. Cleland, 33 Ill. 239.

Fraud should be pleaded: Fitzpatrick v. Beatty, 1 Gilm. 454; Newell v. Bureau county, 37 Ill. 253; Jones v. Albee, 70 Ill. 34.

Pillsbury, P. J. On the 9th of July, 1870, the defendants in error, by written lease of that date, demised to the plaintiff in error, certain premises in the city of Joliet, upon which was situated a brewery, with the fixtures and appurtenances, as expressed in the lease, for the term of three years from the first day of August then next following, for a monthly rent of ninety-one and two-thirds dollars.

The plaintiff in error covenanted to pay the rent monthly, and at the end of the term to yield up the said premises in as good condition as they then were, including certain articles inventoried, which are in the lease termed fixtures and appurtenances.

This action is covenant upon said lease, and the breaches assigned are, that plaintiff in error did not pay the rent, nor keep the premises in repair, and did not at the end of the term surrender the said premises and appurtenances to the lessors, in this respect following the language of the lease. Issues

were made up, and the cause was tried by the court, and a judgment rendered for the defendants in error, from which this writ of error is prosecuted by the defendant below.

After the evidence was all introduced, the defendant asked leave to file additional pleas, setting up that after the execution of the lease, the lessors conveyed the premises to John Belz, the person for whose use this suit is brought, and assigned to him the lease declared on, and that he, the defendant, thereafter paid the rent to him as the assignee of the reversion and of the lease; but the court refused such leave, and the defendant excepted.

It appears that the defendant had filed these pleas to the original declaration in the cause, and the only amendment thereafter made to the declaration was to insert the name of the beneficiary in the caption thereof, which did not in any manner change the averments in the declaration, vary its legal effect, or enlarge or diminish the right of recovery, and those pleas as fully answered the amended declaration as the proposed ones, and the court did no violence to the rules of pleading in treating the pleas already filed, as being applicable to the declaration as amended, and refusing leave to encumber the record unnecessarily by filing duplicates.

The evidence shows that the original lease was lost and a copy was used upon the trial, and it was claimed by the defendant that said lease was assigned by the lessors to John Belz, and the evidence of such assignment consists of the testimony of the witnesses introduced without objection, and from which it appears very probable that such was the fact.

On the trial the plaintiffs below gave in evidence a warranty deed from themselves to said John Belz, dated November 9th, 1870, conveying to him said demised premises with the appurtenances, rents, issues and profits thereof. The evidence further shows that after this conveyance and the assignment of the lease, the said John Belz claimed the rent as it fell due, and the plaintiff in error paid the same to him thereafter, so far as it was paid to anyone.

It further appears that the assignee, Belz and the tenant, had some arrangement about repairing the brewery, but they in their testimony, disagree as to the terms.

Scheidt v. Belz.

It is urged in support of the assignment of errors by plaintiff in error, that these plaintiffs cannot maintain this action, as by the grant of the reversion and the assignment of the lease to John Belz, and the attornment of the plaintiff in error to him, the right of action upon this lease vests in the said assignee.

It was the doctrine of the common law that only parties or privies to a covenant or condition could enforce it by action, and the assignee of the reversion of demised lands was held to be within the rule, and could neither be sued or sue upon the covenants contained in a lease, either for life or years, as he was considered a stranger thereto.

Such leases were treated as mere choses in action, and not assignable, and therefore the grantor or his heirs could alone take advantage of a condition broken.

It resulted from this rule that grantees of reversions of land could not avail themselves of the benefit of covenants in leases granted to their tenants; and tenants, on the other hand, were deprived of advantages stipulated by their former landlords.

This being the state of the common law, the statute of 32 Hen. 8, Chap. 34, was passed, the first section of which declares that the assignees of the reversion, "their heirs, executors, administrators and assigns, shall have like advantages against the lessees, their executors, administrators and assigns, by entry for non-payment of the rent, or for doing waste, or other forfeiture, and, by action only, for not performing other conditions, covenants or agreements, expressed in the indentures of leases and grants, against the said lessees and grantees, their executors, administrators and assigns, as the said lessors and grantors, their heirs and successors might have had." By some authorities this statute was deemed ·to transfer to the assignee of the reversion the privity of contract, even without attornment by the tenant, as well as the privity of estate, and such assignee occupied the same relation to the tenant that the lessor did before conveyance of the reversion. Taylor's L. & T. § 439, and authorities there cited.

In this State, however, it seems that at the time of the

conveyance in this case, it still required an attornment by the tenant to the assignee of the reversion, in order to establish a privity of contract; that the assignment of the reversion transferred only the privity of estate under the said statute, and until the tenant attorned such assignment was not complete so as to vest in the assignee the right of action for the rent. Fisher v. Deering, 60 Ill. 114. It was said, in that case, that such was the construction given to the statute of Hen. VIII by the English courts; and as by our statute adopting the common law, and acts of parliament in aid thereof, and to supply defects therein passed prior to the fourth year of James the First; and which were of a general nature and not local to that kingdom, this statute was in force in this State, and that such construction was also intended to be adopted.

It was also there held that the act of 4 and 5 Anne, chapter 16, § 9, dispensing with the necessity of an attornment, was not in force in this State, and the decisions of the courts thereunder were not applicable.

Whatever may be the construction of the statute where there is no attornment, we think that the authorities are practically harmonious that where the reversion has been conveyed, and the lease assigned to the grantee, and the tenant has attorned to the assignee, all the covenants in the lea e that run with the land demised can be taken advantage of by either party, and that if the tenant thereafter commits a breach of any such covenants, the assignee can alone recover damages therefor. A covenant is said to run with land when either the liability to perform it, or the right to take advantage of it, passes to the assignee of that land, and to run with the reversion when either the liability to perform it, or the right to take advantage of it passes to the assignee of that reversion.

And such covenants, to be within the statute, must be such as touch the thing demised, and not to collateral covenants. (Spencer's case.) And while, in some cases, it may be difficult to determine whether particular covenants therein involved are such as run with the land, yet there is no doubt that covenants "for quiet enjoyment;" Noke v. Awder, Cro. Elig. 436; Campbell v. Lewis, 3 B. & A. 392; for further assurance:

Middlemore v. Goodale, Cro. Car. 503; to repair; 5 Rep. 24, and Spencer's case; and to surrender possession to the lessors and his assigns, or to leave in good repair; Martin v. Clue, 18 Q. B. 661—are covenants that do thus run with the land, and pass to the assignee entitled to their benefit under the statute.

Now in the case at bar it appears, from the evidence, that everything required by the most rigid construction of the statute has taken place to create, not only a privity of estate, but also a privity of contract, between the assignee of the reversion and of the lease, the said John Belz, and the plaintiff in error, who was the tenant. By the conveyance to him by the plaintiffs of their reversion in the premises, he became, as there was no reservation of the rent in the deed, entitled to the rent thereafter accruing, and to the benefit of all the covenants in said lease that were of advantage to the reversion, and that " touched and concerned the thing demised; " and upon an attornment by the plaintiff in error to him, the assignment became complete, the privity of contract established, and thereafter they were each entitled to the advantage of such covenants as were beneficial to them, and liable to perform all such as were imposed upon them by the lease; and upon breach, either could maintain an action against the other to the same extent and with like effect as if such action upon such covenants were between the original parties to the lease.

It is urged, however, that there were certain articles of personal property leased to plaintiff in error that he covenanted to return, and as to those articles, the covenant not running with the reversion, but being merely personal in its nature, did not pass with the grant of the reversion to the grantee thereof.

It is a sufficient answer to this position that the breach alleged in the declaration is for not, at the end of the term, surrendering the premises with the appurtenances, and in legal acceptation, the word appurtenances means something belonging to another thing as principal, and which passes as incident to the principal thing, therefore the breach is not broad enough to include articles of personal property leased, which were totally disconnected with the demised premises,

and which were included in a covenant merely collateral to the land.

The language of the declaration is the same as that in the deed to John Belz, and the word appurtenances in the deed would convey to him everything included in the breach assigned in the declaration in the use of the same word.

Again, it is urged that the deed was made to John Belz as a mortgage, to secure an indebtedness owing to him from the defendants in error.

Even if this were so, a mortgagee of the reversion stands in the same position as a grantee, and is entitled to the rents if he elects to take them, and can after attornment sue for and recover them from the tenant; 4 Kent Com. 164–354; King v. Housatonic R. R. Co. 45 Conn. 226; Moss v. Gallimore, Doug. 279; especially in this case, as he was to receive the rents to apply on the indebtedness, if in fact the conveyance was designed as a mortgage.

We are therefore brought to the conclusion that for all the breaches of the covenants alleged in the declaration, the right of action is in John Belz, and he should be plaintiff in the action. The legal right of action cannot exist in two persons at the same time, and as the privity of estate and contract between him and the plaintiff in error became complete by the attornment, the law gives him the right of action.

Section 14 of Chap. 80 of the Revised Statutes of 1874 not being in force when the lease in this case was made and the conveyance of the reversion executed, has not been considered in the determination of this case.

The judgment must be reversed and the cause remanded.

Judgment reversed.