Reversed and remanded.

# JOHN McINTYRE

## v.

# JOHN THOMPSON, Adm'r, etc.

1. PLEADING—WAIVING TORT AND SUING IN ASSUMPSIT.—If one person converts the property of another into money the owner may waive the tort and sue in assumpsit. Where counts in assumpsit alleged a wrongful conversion of certain bonds and then averred a legal liability and subsequent promise in consideration thereof to pay. *Held,* that the counts were defective

in not averring the fact of the sale and conversion of the bonds into money.

2. EVIDENCE.—The whole of an admission is to be taken together and when part of a conversation or statement is put in evidence by one party, the other is entitled to put in the whole so far as it is relevant, and it makes no difference whether the whole statement comes out upon the direct examination or part of it is drawn out on cross-examination.

3. INSTRUCTIONS.—It is error in an instruction to single out a number of inconclusive circumstances in proof favorable to the one side, omitting all references to other circumstances favorable to the other side and bearing on the same point and inform the jury such circumstances were proper for their consideration in making up a verdict.

4. CONTRACT—VALUE OF CONSIDERATION.—Where one party agrees to give another certain bonds in return for the latter boarding and keeping the former for life, in the absence of fraud, the value or sufficiency of the consideration of such a contract is not a question for the jury.

5. STATEMENTS OF COUNSEL.—Where counsel in his argument stated that he had numerous witnesses present by whom he could have proved that intestate was insane and that he would have proved it if appellant had attempted to show that he got the property in question by any contract with him, and the testimony in the case afforded sufficient ground for the introduction of the witnesses claimed to be on hand. *Held*, that it was error for the court to permit appellee's counsel to make this statement against the objection of appellant.

APPEAL from the Circuit Court of Perry county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 18, 1884.

Mr. CHARLES W. THOMAS, for appellant; as to misjoinder of counts, cited 1 Chitty on Pleading, 205.

Messrs. PIERCE & FOUNTAIN, for appellee; that if a person converts the property of another, the owner may waive the tort and sue in assumpsit, cited Dickinson v. Whitney, 4 Gilm. 406; Staat v. Evans, 35 Ill. 455; DeClerq v. Mungin, 46 Ill. 112; Creel v. Kirkham, 47 Ill. 344.

BAKER, J. The declaration contained the common counts in assumpsit and four special counts. It is suggested these latter counts were in trover or trespass, and that there being a misjoinder of counts, the motion in arrest of judgment should have prevailed. We do not so regard these counts but understand them to be defective counts in assumpsit.

They allege a wrongful conversion of the United States coupon bonds in question, and then aver a legal liability and subsequent promise in consideration thereof, to pay. If one person converts the property of another into money the owner may waive the tort and sue in assumpsit, and these counts were defective in that they did not aver the fact of the sale and conversion of the bonds into money. But the count for money had and received was sufficient for a recovery under the evidence. Anderson v. Semple, 2 Gil. 455; Staat v. Evans, 35 Ill. 455.

The motion in arrest was then properly denied.

The theory of the case of the plaintiff below, appellee here, was that his intestate had died at appellant's house, owning and having in his possession some $2,000 in U. S. bonds, and that appellant had sold these bonds and converted the money to his own use. The theory of appellant was that the intestate had in his life-time sold and delivered the bonds to him. It can not be justly claimed there was no evidence before the jury tending to establish the defense. Appellee himself testified to certain statements made by appellant in the county court, to the effect the intestate had about $2,000 in U. S. bonds, and that he, appellant, took them to St. Louis and sold them for $2,300, and on cross-examination appellee testified appellant also stated on that occasion that the intestate had given him the bonds in consideration that he, appellant, would keep, board and take care of him as long as he, intestate lived. The rule is that the whole of an admission is to be taken together, and that when part of a conversation or statement is put in evidence by one party, the other is entitled to put in the whole so far as it is relevant, and it makes no difference whether the whole statement comes out upon the direct examination, or part of it is drawn out on cross-examination. 1 Greenleaf on Evidence, Sec. 201; 2 Wharton on Evidence, Secs. 1108, 1109; Hatch v. Potter, 2 Gil. 725; Phares v. Barber, 61 Ill. 271. Moreover, proof of all these statements of appellant was admitted without objection, and was before the jury for their consideration. It is, of course, immaterial, except as regards the weight to be given it,

whether the testimony to prove or tending to prove a plaintiff's case or a defendant's defense is made to appear by witnesses introduced by the one party or the other.

The third instruction given for appellee was clearly erroneous in several respects. It singled out a number of inconclusive circumstances in proof favorable to the one side, omitting all references to other circumstances favorable to the other side and bearing on the same point, and informed the jury such circumstances were proper for their consideration in making up a verdict. It also directed the jury, in effect, that defendant must have given a sufficient consideration for the bonds, or be held liable. If the parties made the contract as claimed by appellant, then, in the absence of fraud, the value or sufficiency of the consideration of the contract is not a question for the jury. We think there was ample evidence upon which to base the first instruction given for appellee; but it was perhaps subject to criticism in that it did not require the jury to find as a condition precedent to a right to recover in an action of assumpsit, the fact the property had not been converted into money. In the argument of the case to the jury, the attorney for appellee, against the objections of appellant, was permitted by the court to state he had numerous witnesses present, including several doctors, by whom he could have proved that intestate was insane, and that he would have proved it if appellant had attempted to show that he got the property in question by any contract with him. There was before the jury the evidence we have heretofore mentioned as tending, at least in some degree, to establish the transfer of the bonds to appellant; there was also the fact of his possession of the bonds, and the corroborating circumstances of the indorsement, by deceased, of certain certificates of deposit, the details and bearing of which we need not give. This testimony afforded sufficient ground for the introduction, by appellee, of the witnesses claimed to be on hand. At all events, such witnesses were not introduced, and the cause should have been submitted to the jury solely upon the evidence before them, and counsel should not have been allowed by the court to make the statements under considera-

tion. For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.