CHARLES J. BARNES, impleaded, etc.

*v.*

THE NORTHERN TRUST COMPANY.

*Opinion filed November 1, 1897.*

1. PLEADING—*rule as to variance not applied where allegation is surplusage.* The rule that the allegations and proof must agree does not apply where the allegation may be stricken out as surplusage without impairing the legal effect of the declaration.

2. LANDLORD AND TENANT—*attornment to assignee of lease not essential to right of recovery for rent.* Under the provisions of section 14 of the Landlord and Tenant act, (Rev. Stat. 1874, p. 659,) extending a lessor's remedies to his assignee, attornment by the lessee to the assignee of the lease is not essential to the latter's right of recovery for rent.

3. SAME—*what will not release lessee from obligation to pay rent.* The facts that the landlord has consented to an assignment of a written lease by his lessee, has accepted the assignee as his tenant and received rent from him, will not release the lessee from his express covenant to pay rent, unless such was the landlord's intention.

4. SAME—*whether lessor's acts will release lessee is for the jury.* Whether the action taken by a lessor concerning the assignment of the lease by the lessee is such as will release the lessee from liability under the lease and substitute the assignee, is a question to be determined by the jury from all the circumstances, under proper instructions.

5. SAME—*dissolution of partnership does not affect its liability under lease.* Dissolution of a partnership does not release it from liability under a previously executed lease, and attornment by a partner to the lessor's assignee will bind the partnership.

6. Evidence—*letter need not be introduced before its answer can be admitted.* It is not necessary that letters should be put in evidence before the answers thereto can be introduced.

*Barnes* v. *Northern Trust Co.* 66 Ill. App. 282, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

This is an action of assumpsit, brought by the appellee against Charles J. Barnes, the appellant, and Alfred C. Barnes, Henry B. Barnes, Edward M. Barnes, Richard S. Barnes and William D. Barnes, partners doing business as A. S. Barnes & Co. Of the defendants, the appellant, Charles J. Barnes, was the only one who was served with summons, and the only one who appeared and defended the suit. This action, and seven other suits consolidated with it, were brought to recover for rent, due for eleven months upon a lease, made to defendants by one Henry Schuttler, dated January 9, 1890, of the premises known as 258 and 260 Wabash avenue, in Chicago, for a term of four years and ten months, commencing March 1, 1890, and ending December 31, 1894, at a monthly rental of $1000.00. The lease was signed "Henry Schuttler, (seal), A. S. Barnes & Co., (seal), by Charles J. Barnes (seal)." On November 26, 1890, the lease was assigned by Schuttler to the appellee, and a written assignment of that date was endorsed upon the lease in the following words, to-wit:

"For value received I hereby assign all my right, title and interest in and to the within lease to the Northern Trust Company of Chicago, and direct that all rents thereunder be paid to said trust company.

"Witness my hand and seal this 26th day of November, A. D. 1890.                    Henry Schuttler.    [Seal.]"

The eight causes were consolidated by agreement and tried as one action. The jury returned a verdict in favor

of plaintiff for $11,800.00. Motion for a new trial was overruled, and judgment was entered upon the verdict. This judgment has been affirmed by the Appellate Court. The present appeal is prosecuted from such judgment of affirmance.

CHARLES L. EASTON, for appellant.

DUPEE, JUDAH, WILLARD & WOLF, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The rent under the lease appears to have been paid by the defendants to the lessor, Henry Schuttler, for the months of March and April, 1890. In June, 1890, the firm of A. S. Barnes & Co. turned over their business to a corporation, known as the "American Book Company." It is not shown positively in the testimony, that the American Book Company was merely the incorporation of the firm of A. S. Barnes & Co., organized by the same parties as stockholders and directors, who theretofore composed said firm; but, after the transfer of the business of the firm to the corporation, Charles J. Barnes was the manager of the corporation, the American Book Company. It would appear, that the American Book Company was either the assignee or the sub-tenant of the firm of A. S. Barnes & Co. The monthly payments of rent to Schuttler before November 26, 1890, the date of the assignment of the lease by Schuttler to appellee, and the monthly payments of rent after the date of the assignment to appellee, from May, 1890, to May, 1893, inclusive, were made by the American Book Company. The checks for such monthly payments were signed by the American Book Company, by Charles J. Barnes, manager. The monthly payments of rent from May, 1893, to January 1, 1894, were made to the appellee, the Northern Trust Company, by Charles J. Barnes. It would appear, that the Ameri-

can Book Company ceased to occupy the premises after May or June, 1893. During a part of the period from May, 1893, to January, 1894, appellant leased the premises from week to week to one Topakyan. On February 8, 1894, appellant, Charles J. Barnes, leased the premises from March 1, 1894, to December 31, 1894, to one Thein, and collected some rent from him.

All the questions of fact in the case are settled by the judgments of the Appellate and circuit courts. It is claimed by appellant, that certain errors were committed by the trial court in the giving and refusal of instructions, and in the admission and exclusion of evidence. We do not deem it necessary to set forth the instructions in full, nor to call attention to the objections made to them except in a general way.

*First*—The instructions asked by appellant, which were refused, and of the refusal of which complaint is made, proceeded upon the theory, that, after the assignment of the lease was made by the original lessor, Henry Schuttler, to the appellee, the Northern Trust Company, it was necessary to show an attornment by the lessees to appellee, the assignee of the lease, in order to make the lessees liable for rent according to the terms of the lease. If such attornment was necessary, then there was error in refusing the instructions asked by appellant. The third of appellant's refused instructions expressly covered the question of attornment. All the refused instructions of appellant were impliedly framed upon the theory that attornment was necessary, because they predicated the right of the defendant to a verdict upon a discharge or release of the original lessees by the original lessor, Henry Schuttler, and ignored any question of such release by the appellee, as assignee of the lease from such original lessor. The question is thus presented, whether, under our statute as it now exists, attornment by the lessee to the assignee of the lessor is necessary in order to make the lessee liable to the assignee for the rent.

In *Fisher* v. *Deering*, 60 Ill. 114, we held, that, at ancient common law, a lease, like any other agreement or *chose in action*, was not assignable, so as to give the assignee an action against the tenant; that, by the 32 Henry VIII, (chap. 34, sec. 1,) the assignee of the reversion became invested with the rents, and, where the tenant attorned to him, he might maintain an action of debt to recover subsequently accruing rents; that, although the assignment of the reversion created a privity of estate between the assignee and the tenant, still it required an attornment to create such a privity of contract, even under the 32 Henry VIII, as would authorize the assignee to sue for and recover rent in his own name; and that the 32 Henry VIII, (chap. 34, sec. 1,) was adopted prior to the fourth year of James I, and was applicable to our condition, and was in force in this State.

Since the decision in *Fisher* v. *Deering, supra,* was rendered, the legislature in 1874 enacted what is now section 14 of chapter 80 of the Revised Statutes in relation to Landlord and Tenant. (2 Starr & Cur. Stat.—2d ed.— p. 2513). Said section 14 is as follows: "The grantees of any demised lands, tenements, rents, or other hereditaments, or of the reversion thereof, the assignees of the lessor of any demise, and the heirs and personal representatives of the lessor, grantee or assignee, shall have the same remedies by entry, action or otherwise, for the non-performance of any agreement in the lease, or for the recovery of any rent, or for the doing of any waste or other cause of forfeiture, as their grantor or lessor might have had, if such reversion had remained in such lessor or grantor." We are of the opinion, that the enactment of said section 14 dispenses with the necessity of an attornment, and abrogated the rule announced in *Fisher* v. *Deering, supra.* It was so held by the Appellate Court for the Third District in *Howland* v. *White,* 48 Ill. App. 236, where it was said: "All leases except leases at will may be assigned if there is no restriction in the lease

itself, (12 Am. & Eng. Ency. of Law, 1029), and the assignee of a lease is granted, by said section 14 of chapter 80 of the Revised Statutes, the same remedies by action or otherwise for non-performance of any agreement in the lease for the recovery of rent or other causes of forfeiture, as the lessor might have had while the owner of the lease; and attornment must, we think, be hereafter deemed unnecessary to vest the assignee of the lease with, the full rights of his assignor, the original lessor."

In *Thomasson* v. *Wilson*, 146 Ill. 384, on the trial of an action of forcible entry and detainer before the court without a jury, the defendant submitted and asked the court to hold as the law of the case, certain propositions which were refused; and the first of said refused propositions was as follows: "The plaintiff cannot, as the devisee or grantee of the lessor of Annestine Laddness, maintain this action without showing an attornment from said lessee, Annestine Laddness, to said plaintiff." In that case, in commenting upon this refused instruction, we said (p. 389): "The court determined correctly in refusing to hold the first proposition submitted to be held as the law of the case, for the reason that the same right of entry, by action or otherwise, is given by the statute to the grantee of the lessor as the lessor might have had."

Here, the appellee is the assignee of the lessor, Henry Schuttler. As such assignee, the appellee has the same remedy by action for the recovery of the rent as its lessor might have had before the assignment to it. Hence an attornment by the lessees, constituting the firm of A. S. Barnes & Co., was unnecessary to the right of the appellee to recover. It follows, that there was no error in refusing the instructions asked by the appellant, which held directly and indirectly that such attornment was necessary.

The declaration alleges, that "the Northern Trust Company accepted the said assignment, and the said defendants attorned to said trust company, plaintiff, and

for several months paid rent to said plaintiff according to the terms of said lease." It is claimed, that, inasmuch as an attornment was thus alleged in the declaration, it was necessary to prove the allegation so made. But an attornment was unnecessary, and need not have been alleged or proved. The cause of action stated in the declaration was complete without it. It was, therefore, surplusage, and may be disregarded. Surplusage comprehends whatever may be stricken from the record without destroying the right of action, or the charge, on the one hand, or the defense on the other. (Gould on Pleadings,—5th ed.—pp. 499, 500). The rule, that the proof must correspond with the allegation, applies only to such allegations as are material in themselves, or, being unnecessary, are yet so interwoven with those which are material, as to make the latter depend upon them. The rule does not apply where the allegation may be stricken out entirely, as surplusage, without impairing or changing the legal effect of the declaration. Where unnecessary allegations are made in the declaration, which are foreign and irrelevant to the cause, they will be rejected as surplusage, and need not be proved. (*Burnap* v. *Wight*, 14 Ill. 301; *Massachusetts Mutual Life Ins. Co.* v. *Kellogg*, 82 id. 614; *Sundmacher* v. *Block*, 39 Ill. App. 553; *Higgins* v. *Halligan*, 46 Ill. 173).

*Second*—Appellant complains of two instructions given for the plaintiff. These instructions announced in general terms the doctrine, that, although a landlord may have given his consent to an assignment by the lessee, and accepted the assignee as his tenant, and received rent from him, yet the lessee is not released from his express covenant to pay rent, unless the landlord has accepted the surrender of the lessee and released him. Such is the law, as laid down by this court, and by other authorities. (*Grommes* v. *St. Paul Trust Co.* 147 Ill. 634; 12 Am. & Eng. Ency. of Law, p. 1032). It is contended by the appellant, that, because Henry Schuttler and the ap-

pellee received rent from the American Book Company after A. S. Barnes & Co. turned their business and the premises over to the American Book Company, they thereby released A. S. Barnes & Co. from their obligation to pay any more rent. But unless there was a substitution of the American Book Company in place of A. S. Barnes & Co., the original lessees, and unless there was a clear intent to make a new contract with the American Book Company and to discharge A. S. Barnes & Co. from further liability under the lease, and unless there was an intent to accept a surrender of the lease from A. S. Barnes & Co., A. S. Barnes & Co. were not relieved from their liability under the lease. It was for the jury to say, whether, under all the facts of the case, there was such substitution and discharge and surrender and new agreement with the American Book Company. This question was correctly submitted by the instructions given for the plaintiff, and, therefore, we see no error in such instructions.

*Third*—The proof clearly shows, that, after the American Book Company ceased to pay rent in May, 1893, Charles J. Barnes thereafter paid rent to the appellee. It is claimed by appellant, that the payments of rent thus made by Barnes after May, 1893, were paid by him as an individual, and not as the representative of the firm of A. S. Barnes & Co. It is furthermore claimed, that the firm of A. S. Barnes & Co. was dissolved in June, 1890. The doctrine is then invoked, that a partner has no power after a dissolution of the partnership to create a new obligation binding upon the firm. The theory seems to be that, when Charles J. Barnes paid rent to appellee after May, 1893, such payment could not be held to be a recognition of their liability by the firm of A. S. Barnes & Co. because Charles J. Barnes could not make an attornment for the firm without authority after its dissolution. The theory, thus contended for by appellant, was embodied in some of the instructions asked by him, and which were

refused by the trial court. But the doctrine thus invoked has no application to this case. The firm of A. S. Barnes & Co. signed the lease. The appellant, Charles J. Barnes, signed the lease for the firm. The firm was liable to pay the rent according to the terms of the lease. The subsequent dissolution of the firm could not absolve them from that liability. In paying the rent, Charles J. Barnes was not committing the firm to any new obligation, but was merely carrying out the existing obligation into which the firm had previously entered. Every partnership debt is joint and several. (*Mason* v. *Tiffany*, 45 Ill. 392). "The dissolution of a partnership does not release it from contracts previously entered into but unfulfilled. Each partner has the power, therefore, to complete such contracts and bind the other partners by his acts in so doing." (17 Am. & Eng. Ency. of Law, p. 1150). "The covenants of a lease by a firm are joint and several, and each individual is personally liable thereon." (12 Am. & Eng. Ency. of Law, p. 999).

We are of the opinion, that the trial court committed no error in giving or refusing instructions for any of the reasons insisted upon by the appellant.

*Fourth*—Appellant claims, that the court erred in refusing to admit in evidence the unsigned drafts of certain option contracts. Appellant insists, that he desired to prove by these drafts of contracts, that negotiations were pending between him and Schuttler, the owner of the property, for the purchase of the improvements upon the demised premises, and for a long lease of the ground upon which such improvements rested; and that he individually paid the rent after May, 1893, because of the pendency of these negotiations for a ground lease and for a purchase of the improvements. There was no error in excluding this evidence. It was immaterial what particular motive influenced appellant to pay the rent. The question is whether he was legally liable to pay the rent. But testimony was introduced tending to show, that such

negotiations for the purchase of the improvements and for the execution of a ground lease were pending between him and the owners of the property. Nothing more could have been shown if the excluded documents had been admitted. Therefore, appellant suffered no particular injury by reason of their exclusion.

When appellant was upon the stand and during his cross-examination, he was asked whether he wrote a certain letter, dated September 4, 1894, and addressed to the Northern Trust Company which was as follows: "Yours of the 30th ult., addressed to A. S. Barnes & Co., at hand and contents noted. In reply, I beg to say for myself, individually, that since complying with your request to deliver you the key, I have paid, and will in the future pay, no attention whatever to the premises, 258 and 260 Wabash ave. Any attempt to hold me liable for rent or damages will be resisted." Appellant claims that this letter should not have been admitted in evidence without the introduction by the plaintiff of the letter to which it was a reply. The objection is without force. The rule is, that the whole of an admission is to be taken together and that, when part of a conversation or statement is put in evidence by one party, the other is entitled to put in the whole, so far as it is relevant, and it makes no difference whether the whole statement comes out upon the direct examination, or part of it is drawn out on cross-examination. (1 Greenleaf on Evidence, sec. 201; *Phares* v. *Barber*, 61 Ill. 271; *McIntyre* v. *Thompson*, 14 Ill. App. 554; Wharton on Evidence, secs. 1108, 1109). On the re-direct examination appellant's counsel had the right to interrogate him and put in evidence the original letter referred to, which was in appellant's possession. It was permissible on cross-examination to ask the witness, whether, at a certain time and place, he did not say such a thing, and this without bringing out all the conversation. It is for the witness himself, or his counsel, to bring out the

whole conversation upon the re-direct examination. (*Scott* v. *People*, 141 Ill. 195).

We discover no material error in this record which would justify us in reversing the judgment. Accordingly the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*