## Keeley Brewing Co. v. Henry B. Mason.

1. LANDLORD AND TENANT—*Assignment of Lease Gives Assignee Power to Collect Rent.*—Under Sec. 14, Chap. 80, R. S., the assignment of a lease gives to the assignee the power to collect the rent and to institute all proper proceedings for enforcing payment thereof.

Distress.—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 28, 1902.

The Keeley Brewing Company leased, January 13, 1893, from Virginia B. Holmes, certain premises, known as No. 4 Park Row. January 16, 1893, Virginia B. Holmes, for an expressed consideration of $1, made an unsealed instrument in writing (attached to the indenture of lease) selling, assigning and setting over to appellee all her right, title and interest in the indenture of lease, and authorizing him to collect rents and receipt for same. On the following month, but as part of the same transaction, appellee signed a sealed instrument, stating that the lease had been assigned to him, he assuming no personal responsibility under the lease, except to apply rentals, first, to the payment of a commission to himself, and second, to the payment of principal and interest, as they should fall due, of two incumbrances, the lease being assigned to him as security therefor.

Some three months afterward Virginia B. Holmes made a warranty deed of the real estate to Harriet A. Sherman, and on the following month she made a sealed assignment of all her right, title and interest in and to the indenture of lease now in controversy, to Harriet A. Sherman, expressly subject, however, to the prior arrangement with appellee, evidenced by her foregoing assignment to him, and his statement of his duties, under the assignment.

After the assignment to appellee the Keeley Brewing Company paid rent up to the falling due of the installment payable November 15, 1900, payment being always made

by check sent by mail. The checks do not appear to have been made payable to appellee.

After the falling due of the rent now under consideration, the following letter was sent to appellant:

"CHICAGO, December 5, 1900.

KEELEY BREWING COMPANY, 28TH STREET, NEAR COTTAGE GROVE AVENUE, CHICAGO.

GENTLEMEN: The owner of No. 4 Park Row is a widow lady, depending upon the rent of the property for her support, and she is quite embarrassed by the rent being in arrears. Won't you kindly send us a check by return mail, and oblige,      Yours very truly,

MASON BROTHERS."

Appellee was then one of the firm of Mason Brothers.

Appellee, May 21, 1898, wrote to appellant, asking for payment of the $750 rent due May 15, 1898. For the unpaid rent appellee issued a distress warrant, upon the return and filing of which appellant filed a plea of non-assumpsit, and also denying the indebtedness for rent of said premises. The issues were found for the plaintiff and judgment for $750 was rendered.

M. H. GUERIN, attorney for appellant.

MASON BROTHERS, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

The assignment of the lease gave to appellee power to collect the rent and to institute all proper proceedings for enforcing payment thereof. Sec. 14, Chap. 80, R. S.; Barnes v. Northern Trust Company, 169 Ill. 112.

If an assignment under seal was required, the instrument executed by Mrs. Holmes May 22, 1893, is under seal, and this recognized the validity of her previous assignment. Appellant, for some five years after the assignment, paid rent to appellee, as it now urges, to him as a collector only. The assignment by Mrs. Holmes to appellee was attached to the lease under which, during these years, appellant paid rent.

The rent being due upon a day fixed by the lease, and the practice of paying by check sent by mail having been followed for years, a personal demand at the premises of appellant was unnecessary to create a default.

The judgment of the Superior Court is affirmed.