**The President and Directors of the Manhattan Company et al., Defendants in Error, v. Ernest H. Eversz, Trading as Eversz & Co., Plaintiff in Error.**

**Gen. No. 16,261.**

1. Landlord and tenant—*assignment of lease by tenant.* A lessee cannot rid himself of liability under the covenants of his lease by assigning the same.

2. Landlord and tenant—*when tenant not relieved of liability on assigning lease.* A lease provided that it could not be assigned without the consent of the lessor. The lessor investigated a proposed assignee and informed the tenant that he was responsible. The tenant assigned the lease to such party and the lessor consented in a writing which stated that the original lessee was not released from his obligations. *Held,* in an action for rent against the original lessee that there was not a surrender or a substitution of tenants which would release the defendant, and that it was proper to direct a verdict for the plaintiff.

3. Landlord and tenant—*when evidence of payment of rent is insufficient.* Where a lease has been assigned and the rent is payable in quarterly instalments and there is evidence that a cor-

poration, of which the assignee was an officer, had paid a part of the instalment, but there is no evidence that it was paid to the lessor, it is not improper in an action for rent against the original lessee to direct a verdict for the plaintiff.

4. CORPORATIONS—*dealing in real estate.* Where a banking corporation owns a building, occupying the banking floors, and renting the remaining portion of the building, there is, in the absence of other evidence no evidence that the corporation is dealing in real estate.

5. LANDLORD AND TENANT—*when lease will not be considered against public policy.* Where a foreign corporation, owning a building in the state of its incorporation and occupying the banking floor, rents the remaining portion of the building, if there is no other evidence that it deals in real estate, the theory that it is contrary to the policy of our law for corporations to deal in real estate, and that our courts will not enforce contracts made in foreign states contrary to the policy of our law, is inapplicable in an action for rent.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed June 17, 1912. Rehearing denied July 1, 1912.

ALDEN, LATHAM & YOUNG, for plaintiff in error.

MOSES, ROSENTHAL & KENNEDY, for defendant in error; WALTER BACHRACH, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiffs, here the defendants in error, two New York banking corporations, jointly owning a building on Wall and Pine streets, New York City, and occupying the banking floors of the said building in the conduct of their respective businesses and renting the remaining portions of said building, entered into a lease with the defendant under date of October 27, 1906, whereby they rented certain rooms in said building to the said defendant for three years, from May 1, 1907, to May 1, 1910, at an annual rental of eighteen hundred dollars, payable in installments of four hundred and fifty dollars each every

three months during said term. The defendant being at the time of executing said lease in the possession of the premises so demised, continued to so occupy the same until March, 1908. Under date of March 28, 1908, the defendant assigned the said lease to Frank S. Colton, who accepted the same and expressly assumed and bound himself to keep and perform the terms thereof. The lease contained a provision that it should not be assigned or the premises sublet without the written consent of the lessors endorsed thereon to each and every assignment or underletting. It was therefore sent to the plaintiffs' agents, who accepted the assignment to the said Colton as follows: "Consent is hereby given to the foregoing assignment, but not to release the original lessee from his obligation under the lease."

Colton went into possession of the said premises and, with the Debenture Corporation, of which he was the vice-president, continued in said possession until January, 1909, when, he, with the said corporation, vacated same. The plaintiffs brought suit against the defendant, here the plaintiff in error, to recover the installments of rent due and payable February 1st and May 1st, 1909, amounting to nine hundred dollars. At the close of all the evidence the court directed the jury to find a verdict for said sum and interest thereon, a total of nine hundred thirty dollars and sixty-three cents. On the verdict so returned the court entered judgment and the defendant sued out this writ of error.

The defendant contends that there was a surrender of the lease and that the plaintiffs agreed to release him from liability thereon, or there was a substitution of tenants. The defendant saw the plaintiffs' agent about renting said premises and said to him: "I would like to lease my premises, sublet them;" the agent replied that he would let the defendant know if there were any applicants for same. Just how Colton was

secured as a tenant is not shown. It appears, however, that the plaintiffs made an investigation as to his responsibility and showed the defendant letters they received concerning same, stating that said letters appeared satisfactory and they believed Colton a good and responsible tenant. At the time the defendant had never seen Colton, but subsequently assigned to him the said lease and the plaintiffs consented thereto, expressly refusing to release the defendant, as heretofore indicated. There is testimony of other statements and acts of the parties that are claimed sustain the said defenses; that these defenses presenting questions of fact, the evidence, not of one fact alone, but of many facts and circumstances, together with the evidence offered and erroneously excluded, was sufficient to entitle the defendant to have the said issues submitted to the jury. We do not think so. We have carefully considered all the evidence and are of the opinion that it does not support the defendant's contentions. It would seem that the defendant relied upon the plaintiff's investigation and opinion as to Colton's responsibility, and defendant on assigning the lease assumed he had no further liability thereon. It is well settled that a lessee cannot rid himself of liability under the covenants of his lease by assigning the same. It is further held, "although a landlord may have given his consent to an assignment by the lessee, and accepted the assignee as his tenant, and received rent from him, yet the lessee is not released from his express covenant to pay rent, unless the landlord has accepted the surrender of the lessee and released him." Barnes v. Northern Trust Co., 169 Ill. 112, and authorities there cited. There is no evidence in the record, and none was offered, to the effect that the plaintiffs in fact accepted, or that it was their intent to accept, a surrender of the lease from the defendant and discharge him from his liability thereunder, or that there was a substitution of tenants.

It is insisted that the installment of rent payable February 1, 1909, was for the use of the premises during the three months preceding said date; that the evidence introduced by the defendant and stricken out by the court tended to show that the Debenture Corporation paid the plaintiffs the rent to January 1, 1909, that a question of fact was thus presented to the jury as to the rent for the months of November and December, 1908, and that the court therefore erred in instructing the jury to find for the plaintiffs as to said months. An officer of the said Debenture Corporation testified that the said corporation paid the rent to January 1, 1909, but to whom it was paid was not shown. The evidence tended to show that Colton, the assignee of the lease, had some arrangement with the said corporation, of which he was vice-president, whereby it paid rent for said rooms by its check in monthly installments of one hundred and fifty dollars each, but it was not even shown to whom these checks were made payable; and a consideration of all this evidence tended to show that the same was paid to Colton. At any rate there was no evidence that it was paid to the plaintiffs.

The evidence excluded, of which the defendant complains, was not material to the issues, and therefore the court did not err in said rulings.

The defendant in his brief presents fifteen propositions of law. With the most of these propositions of law we agree. It is said, for instance, it is contrary to the policy of our law for corporations to deal in real estate and our courts will not enforce contracts made in foreign states which are contrary to the policy of our law. As to the first clause of the proposition, there is no evidence in the record tending to prove that the plaintiffs were dealing in real estate. The second clause of the proposition, while correct generally speaking, is of no effect here, because it depends upon the first proposition, which is not sustained by the

454    APPELLATE COURTS OF ILLINOIS.

evidence. Many of the other propositions of law are not applicable to the facts in the case at bar, but it is not considered necessary to recite and analyze them. The merits of the case have been carefully considered and our views thereon expressed. The judgment is affirmed.

*Affirmed.*