## W. D. Pemberton et al., Appellees, v. Charles V. Parker, Appellant.

Opinion filed June 4, 1931.

MILEY & COMBE, JOHN W. BROWNING and K. C. RONALDS, for appellant.

KANE, SCOTT & KANE, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On August 2, 1920, appellees gave appellant a written lease on 280 acres of land by the terms of which appellant was given the right to mine for coal, etc. Until coal was reached appellant agreed to pay appellees $2 per acre each year. No coal was ever reached. On September 19, 1920, appellant paid appellees $560, the first year's rent. He assigned the lease to a coal company of which he was the president. The assignee paid the annual rent until September, 1925, but has failed to pay the rent from that date

until September, 1927. This suit was brought in November, 1927, to recover two years' rent. Before the case was reached for trial appellant and the assignee, on May 17, 1929, elected to terminate the lease in accordance with the provisions thereof. The parties waived a jury and the trial resulted in a judgment for $1,148.

Appellees never released appellant from his liability for the rent. The mere fact that appellant assigned the lease to the coal company did not operate as a release of appellant. *Sexton v. Chicago Storage Co.,* 129 Ill. 318; *Barnes v. Northern Trust Co.,* 169 Ill. 112. The fact that appellant and the coal company gave appellees written notice of their election to terminate the lease, in accordance with the terms thereof, did not relieve appellant from his liability for the rent that had already accrued at that time. *Bettman v. Shadle,* 22 Ind. App. 542, 53 N. E. 662.

The lease contains a provision to the effect that appellees represented and warranted that they were the owners in fee simple of the premises described in the lease at the time of its execution. On January 15, 1909, appellees executed to the Aetna Life Insurance Company a mortgage on a portion of the premises described in the lease and that mortgage had not been paid in full at the time the lease was made. The undisputed evidence, however, shows that appellant was fully informed in regard to the existence of that mortgage and he stated to appellees that it was all right and could be taken care of in case he elected to purchase the land. The mortgage was later released and appellant is in no position to complain in that regard. The lease was filed for record in the recorder's office on September 27, 1920. On January 2, 1924, appellees executed another mortgage to the Federal Land Bank. That mortgage was subject to the lease and appellant's rights thereunder and was no defense in this case.

Appellant is in error in his contention that there is no proof that appellees owned the real estate. He stipulated on the trial that appellees were the owners in fee subject to the question of that fee being affected by the mortgages aforesaid. We find no reversible error in the record and the judgment is affirmed.

*Affirmed.*