## Howland et al. v. White.

1. *Unmatured Rent Notes Surrendered upon a Forfeiture of the Lease.*—On the 27th day of March, 1889, Peter and Julius Keister, tenants in common of certain premises, joined in a lease to John P. White, by which Peter leased his half for one year and Julius his half for two years. In payment of the rent to Julius, White made and delivered eight promissory notes, each for $116.66, with Minerva White as security. The first note fell due March 27, 1891, the next September 27, 1891, and the others ninety days apart thereafter. On April 20, 1889, Julius assigned the notes and lease to Johnson & Knight, who, seven days later assigned the lease and transferred the notes to S. W. Kinkaid. On or

Howland v. White.

about June 1, 1891, Minerva White, the defendant, purchased the notes and lease of Kinkaid, who assigned the lease to her.   On December 10, 1889, White assigned the lease, which had been executed in duplicate, to Albert and John Howland, and they entered into possession of the premises.   One of the notes given by White, with Minerva White as security, to Julius Keister, matured March 27, 1891, and not being paid, Minerva White gave the Howlands notice of her ownership of the note and lease, demanded payment, and in default, declared the lease terminated and demanded possession of the undivided half of the premises, etc.   Payment not being made, she began this action.   The Howlands claimed that because Minerva White did not surrender and deliver to them all the rent notes held by her excepting the one on which the forfeiture was declared, according to a provision of the lease to that effect, her action was not sufficient to terminate the lease and create a forfeiture.   *It was held,* that the clause of the lease did not expressly provide that all of the unmatured rent notes should be surrendered in case of a forfeiture; that the notes not having been given by the Howlands, they had no right to them, and were under no obligation to pay them if they were not delivered up.

2.   *Security—Right to Purchase the Note.*—A security on a note may lawfully purchase the note, and as a holder, keep it alive as an indemnity against loss because of her suretyship.

3.   *Forfeiture of a Lease for Non-Payment of Rent.*—The common law rule that to create the forfeiture of a lease for the non-payment of rent, a demand for payment must be made upon the premises, is dispensed with by necessary implication arising from our statutes.

4.   *Attornment.*—The enactment of Sec. 14, Chap. 80, R. S. (Starr & Curtis, 1497), dispenses with the necessity of an attornment, and abrogates the rule announced in Fisher v. Deering, 60 Ill. 114.

5.   *Assignment of Leases—Attornment.*—All leases, except leases at will, may be assigned if there is no restriction in the lease itself, and the assignee of the lease is granted, by Sec. 14, Chap. 80, R. S., the same remedies, by action or otherwise, for the non-performance of any agreement in the lease for the recovery of rent or other cause of forfeiture, as the lessor might have had while the owner of the lease.   Attornment is unnecessary to vest the assignee of a lease with the full rights of the assignor—the original lessor.

Memorandum.—Action of forcible entry and detainer.   Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Circuit Judge, presiding.   Heard in this court at the May term, A. D. 1892, and affirmed.   Opinion filed October 17, 1892.

## STATEMENT OF FACTS BY THE COURT.

March 27, 1889, Peter Keister and Julius Keister, the owners of the premises in controversy, executed under their

hands and seals, a lease of the premises to one John P. White, for the term of one year, and by the same instrument Julius Keister leased his undivided one-half interest in the premises to White for two years longer. In payment for the rent of the interest of Julius for such two years, J. R. White executed and delivered to Julius his eight notes, signed by himself, and also by the appellee as his surety, each note being for $116.66, the first of which fell due March 27, 1891, the next September 27, 1891, and the others each falling due ninety days apart thereafter. These notes are fully set out in the lease.

April 20, 1889, Julius Keister assigned the notes and the lease to Johnson & Knight, who, on the 27th of April, 1889, transferred the notes and assigned the lease to O. W. Kinkaid.

In May, or the first of June, 1891, the appellee, through her agent, Mr. Woodcock, purchased the notes and lease of Kinkaid, who assigned the lease to her.

Appellants claim that appellee did not purchase the notes, but paid them off; but we are satisfied that she in fact bought the notes and the lease.

J. R. White, the lessee, on the 10th December, 1889, assigned the lease, which had been executed in duplicate, to appellants, who entered into possession under it. One of the notes thus given by White and the appellee to Julius Keister fell due on the 27th day of March, 1891, and not being paid, the appellee, on the 12th day of June, 1891, gave appellants written notice of her ownership of the lease and notes, and of the fact this note was past due, and demanded immediate payment thereof, and in default of payment demanded possession of an undivided one half of the premises within five days. This notice was served upon appellants and John P. White by delivery of a copy on the 12th day of June, 1891. Payment not being made nor possession given, the appellee, on the 22d day of June, 1891, began, before a justice of the peace, this action in forcible detainer to recover such possession. Judgment before the justice in appellee's favor followed, from which appellants appealed to

the Circuit Court of Macon County, where, upon a hearing
before the court without a jury, a judgment was again ren-
dered for the appellee, to reverse which this appeal is prose-
cuted.   The appellants claim that they purchased the lease
from J. R. White without notice of any assignment by the
lessors; that they received an assignment of the copy or
duplicate lease held by J. R. White upon which there was
no other indorsement; that J. R. White told them he had
paid all the notes given by him, and that thereupon they
executed and delivered to J. R. White their notes for the
same amounts and due at the same time as the notes that
White had given to Julius Keister. That White assigned
such notes to Julius Keister, who discounted them to the
appellants, the makers, and that such notes are fully paid and
discharged.

*Clause of the lease referred to in the opinion of the court:*
Sixth.   It is hereby expressly agreed by and between the parties hereto,
that in case of default in the payment of any of said notes at the time the
same becomes due and for a period of fifteen days thereafter, the said
first parties reserve the right to declare the contract terminated, and
said second party hereby agrees to give possession of said premises to
said first parties within five days of such termination, without any
claim for damages for such termination, and in such case all of the
unpaid notes shall be returned to said second party except the one he
fails to meet when due.

## APPELLANTS' BRIEF.

At common law the non-payment of rent when due
would not work a forfeiture unless lawful demand was
made of the precise sum due, on the very day it became
due, at a convenient hour before sunset, upon the premises,
at the most conspicuous place, unless some other place was
named in the lease. Chadwick v. Parker, 44 Ill. 326;
Chapman et al. v. Kirby, 49 Ill. 211; Woodward v. Cone,
73 Ill. 241; Gear's Landlord and Tenant, Sec. 195.

While our statute dispenses with the necessity of making
the common law demand of the rent on the very day it falls
due, it does not dispense with the common law requirement
of a demand of rent upon the premises before declaring a

forfeiture of the lease. Chadwick v. Parker, 44 Ill. 326; Dodge v. Wright, 48 Ill. 382.

A party insisting on a forfeiture must show that he is entitled to it. It is a harsh manner of terminating a contract, and he who insists on it must be held strictly within the limits of the authority which gives the right. Palmer v. Ford, 70 Ill. 369; Chapman et al. v. Kirby, 49 Ill. 211; Chadwick v. Parker, 44 Ill. 326; Cheney v. Bonnell, 58 Ill. 268.

BUCKINGHAM & SCHROLL, attorneys for appellants.

APPELLEE'S BRIEF.

The law of attornment does not apply in a forcible detainer case, and the assignee of a tenant is not entitled to notice, but must take notice of the landlord's rights and be ready to deliver the possession if he forfeits the lease. Fisher v. Smith, 48 Ill. 184; Merrin v. Lewis, 90 Ill. 505; Vol. 12 of American and English Encyclopedia of Law, 1029.

I. D. WALKER, attorney for appellee.

OPINION OF THE COURT, the Hon. Carroll C. Boggs, Judge.

It is first contended that the notice given by the appellee was not sufficient to terminate the lease and create a forfeiture. The grounds of such supposed deficiency are thus stated by counsel:

1. Because there is no demand of rent due upon the premises before declaring a forfeiture.

2. Because appellee did not turn over to appellants or offer to deliver up to them all rent notes held by her, except the one on which the forfeiture was declared, according to a provision of the lease to that effect.

The paper served upon the appellant advised them that appellee was the owner and holder of a rent note more than two months past due and unpaid; declared the lease terminated and demanded immediate payment of the unpaid rent. Had the notice contained nothing further, it might have been regarded as an attempt to declare and enforce a forfeiture

solely under the provisions of the lease and without regard to either the common law or statutory requirements concerning such forfeitures; but the notice proceeded to require the surrender of the premises, only in case appellants failed to pay the rent note within five days thereafter.

When all that is contained in the notice is considered together, it is simply a demand for payment of rent, with a declaration of forfeiture and demand for possession if such payment is not made in five days, and is in compliance with Sec. 8, Chap. 80, R. S., which authorizes a forfeiture in such state of case.

The common law rule that to create the forfeiture of a lease for non-payment of rent, a demand for payment must be made upon the premises, or some part thereof, is, we think, dispensed with by necessary implication arising from our statutes. Woodward v. Cone, 73 Ill. 24. It is true that in the case cited it is distinctly said that ten days' notice to quit is essential to create a forfeiture. Such was the requirement of the statutes (1865) then in force, but this has been changed by the 8th section of Chap. 80 of our statutes now in force and governing this case. Only five days' notice is now required if rent be due and unpaid.

While it is true that the notice in the case at bar contains a demand for immediate payment, it is further true that the time fixed for such payment, to avoid the surrender of the premises, is placed at five days. This is sufficient mention of the time within which payment may be made under the statute. Farnam v. Holman, 90 Ill. 312.

Nor do we think the second alleged ground of objection is well taken. The sixth clause of the lease does expressly provide that all of the unmatured rent notes shall be surrendered in case of a forfeiture.

The unmatured notes are not, however, notes given by the appellants; upon the contrary, are notes executed by the appellee and J. R. White.

We are unable to perceive any reason why the appellee should be called upon to surrender up these notes to the appellants.

The appellants have no right to them; nor are they under any obligation to pay them if not delivered up. We think the appellee had the right to retain them, at least as against all persons other than J. R. White.

It is urged that the appellee has no cause of action as holder of the notes because the notes were extinguished by the payment of them by her. The proof, we think, is that the appellee did not pay the notes but purchased them, and also the lease, as an indemnity against loss because of her suretyship for J. R. White.

This she might lawfully do, and keep them alive and not discharged as by payment, though she, as surety, was one of the payors of the notes. Brandt on Suretyship, Sec. 371; Allen v. Powell, 108 Ill. 584.

It is thought the appellee ought not to recover because the appellants had no notice of her claim for rent or of the assignment of the notes and lease to her at the time they paid the notes given by them to J. R. White for the rents.

The appellants obtained whatever interest they have in the premises by a lease, in the body of which is fully set out the fact that these notes were given for rents specified in the lease and constituted the consideration thereof. There the notes are also fully described. The appellants stand charged with notice of all that is thus contained in that lease.

Counsel upon one side argue that the appellee and J. R. White, her husband, are perpetrating a wrong upon the appellants which will, if this judgment is affirmed, result in forcing appellants to lose the amount paid by them upon the notes given by them to J. R. White upon the supposition that White had paid the notes mentioned in the lease, while counsel upon the other side argue that the appellants and J. R. White confederated together and are acting in concert in endeavoring to defeat the notes purchased and owned by her.

The record is without evidence in support of either of these views, though one or the other is doubtless true. We are powerless to correct or prevent, by any ruling upon the

points presented by the record, the consummation of the wrong that it is apparent has been or attempted to be perpetrated by one or the other of these parties to this cause.

The parties respectively have chosen to prosecute and defend upon legal points, and though each cries fraud against the other, neither presents proof in support of the charge.

A recovery, it is said, can not be upheld because there was no attornment to appellee by the appellants. We think that the enactment of Sec. 14, Chap. 80 R. S. (Starr & Curtis' Statutes, 1497) dispensed with the necessity of an attornment and abrogated the rule announced in Fisher v. Deering, 60 Ill. 114.

All leases except leases at will may be assigned if there is no restriction in the lease itself (12 Amer. & Eng. Ency. of Law, 1029), and the assignee of a lease is granted by the said Sec. 14 of Chap. 80, R. S., the same remedies, by action or otherwise, for the non-performance of any agreement in the lease for the recovery of rent or other cause of forfeiture, as the lessor might have had, while the owner of the lease or attornment must, we think, be hereafter deemed unnecessary to vest the assignee of a lease with the full rights of his assignor—the original lessor.

The finding, ruling and judgment of the Circuit Court are, we think, correct, and must be and are affirmed.