## S. W. Phillips, et al. v. W. F. Poulter.

1. WIFE—*when the testimony of a, is not incompetent.* A wife is competent as a witness in a suit where the husband's interest in the result thereof is not direct, in the sense that he will not gain or lose by the direct legal operation or effect of the judgment, and where the record will not be legal evidence for or against him in some other action.

2. AGENCY—*how proved.* While proof of agency cannot be made by the showing or declarations of an agent, yet such agent may take the stand and testify to such facts and circumstances which show his agency.

Action of assumpsit. Appeal from the Circuit Court of Shelby County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed October 12, 1903.

ANDREWS & VAUSE and A. E. RICHARDSON, for appellants.

WALTER C. HEADEN, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit originally brought before a justice of the peace, by appellee against appellants, to recover damages resulting from the failure of appellants to accept and

pay for a crop of broom corn, which it was claimed was purchased by them of appellee through the agency of one Rork.  The plaintiff recovered judgment before the justice, and defendants appealed to the Circuit Court, where the case was tried by the court without a jury, resulting in a judgment against the defendants for $99.90, from which they appeal.

The case turns upon the question as to whether appellants authorized Rork to purchase the corn for them.  Rork testifies that appellant Phillips gave him direct authority and instructions to do so, while Phillips explicitly denies that he did so.  The wife of Rork was permitted to testify, against the objection of appellants, to an alleged conversation between appellant Phillips and her husband, both in her presence and over the telephone, about the broom corn, which testimony tended to corroborate her husband and to establish such agency.  Appellants insist that inasmuch as Rork would be personally responsible to appellee, if he had no authority to bind appellants, he was pecuniarily interested in the result of the suit, and his wife was therefore incompetent to testify.  While it is undoubtedly the law that a wife is not competent to testify in a case where her husband, though not a party to the suit, is directly interested in the result thereof, (Craig v. Miller, 133 Ill. 307,) we do not think that the interest of Rork in the result of the suit at bar was direct, in the sense that it would render his wife an incompetent witness therein. The true test of the interest is, that the witness will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him, in some other action.  In the case of Craig v. Miller, *supra*, cited by appellants, which was an action against the surety upon a promissory note, it was held that the wife of the principal was not a competent witness, for the reason that her husband, the principal, had a direct interest in the result of the suit; that if recovery on the note against the surety was defeated, the surety would then have no right of action against the principal, the husband

of the witness; that if judgment should be obtained against the surety and he should be forced to pay it, this would give him a right of action against the principal; and in the latter case, in a suit by the surety against the principal to recover over, proof of the judgment against and its payment by the surety, would establish a right on which there would be a recovery; or, in other words, there was a direct interest in the case, because a direct legal liability was imposed upon, or a direct financial gain was obtained by, the principal, as the direct and necessary legal consequence of the result of the suit.

In the case of Wolverton v. Sumner, 53 App. 115, also cited by appellants, it was held that the wife of the payee and assignor of a promissory note is not competent to testify at the instance of the plaintiff in a suit to collect the same; and the court assigns as a reason therefor, that his assignment of the note, for value, absolutely implied a warranty that it was genuine, and the witness was called to prove that it was.

In the case at bar there is no such privity of contract as in the cases cited, and no such consequences would follow as the direct and necessary result of any judgment that might be rendered. If appellee should fail to recover in this case, it does not necessarily follow that in a subsequent suit by Rork against appellants for his commissions he could not recover. If he could make the necessary proof, he could recover independently of, and without regard to the result of this case. This record would neither aid nor defeat him; and this is also true as to any suit which might be brought by appellee against Rork to recover damages, by reason of his assuming authority he did not possess.

There was no error in permitting Mrs. Rork to testify.

Aside from her testimony, we think the record contains sufficient evidence to justify and sustain the finding that Rork was authorized by appellants to purchase the broom corn in question. While agency cannot be proved by the mere declaration of the agent, that fact does not render

him incompetent to testify to facts and circumstances tend-
ing to show such agency. The facts and circumstances in
evidence tend to corroborate the testimony of Rork, against
which is the uncorroborated testimony of Phillips only.
The trial judge had the advantage of the personal pres-
ence of the witnesses, and of seeing their manner, appear-
ance and demeanor while testifying, and we see no reason
to disturb his findings.

The judgment will, therefore, be affirmed.

*Affirmed.*