## Austin J. Richey, Appellee, v. Fred Miller Brewing Company, Appellant.

1. AGENCY—*how proved.* An agency cannot be proved by the statements of the person claimed to be an agent, but an alleged agent is a competent witness to prove the agency.

2. LANDLORD AND TENANT—*liability for rent.* It is error to refuse a peremptory instruction for defendant company in an action for rent for a building alleged to have been rented to the company where there is no evidence that such company rented the building or ratified the action of its agent merely authorized to sell its products in renting it.

Appeal from the County Court of DeWitt county; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the October term, 1912. Reversed with finding of fact. Opinion filed March 18, 1913.

HERRICK & HERRICK, for appellant.

A. F. MILLER and JOHN FULLER, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is a suit brought by appellee seeking to recover rent from appellant of a building which appellee claims to have rented to appellant. The declaration consists of the common counts and the plea is the general issue. Appellee recovered a verdict and judgment for $340.58.

The evidence shows that John A. Lasswell had a conversation with appellee relative to renting a building in Clinton for use as a saloon. No agreement was reached at that time; about three months thereafter a lease from appellee to one Max Barrett was signed by appellee and delivered to Lasswell who sent it to Chicago to Barrett. This lease provided for the payment of rent from May 17, 1910, at sixty dollars per month, and covers the time for which rent is sought to be recovered in this suit. There is a dispute as to whether Barrett ever returned the lease to appellee, but the appellant offered in evidence a letter from Barrett to appellee produced by appellee, dated August 5, 1910, notifying appellee that he would not take the lease because the city would not grant a license to run a saloon in the building to one Preston to whom Lasswell had subrented the building. Appellee also offers in evidence a letter from appellant to appellee in reply to a letter from appellee dated December 8, which states that agents of the appellant must act within the scope of their authority which is limited to the sale of its products and the collection of its debts. Evidence in the record shows that Lasswell was not the agent of appellant for any purpose except the sale of its products. Appellee was permitted over objection to testify to statements of Lasswell to him which are mere hearsay evidence before an agency had been proved by competent evidence.

Third District—March, 1913.     647

Richey v. Fred Miller Brew. Co., 180 Ill. App. 645.

It is elementary law that an agency cannot be proved by the statements of the person claimed to be an agent, but an alleged agent is a competent witness to prove the agency. 10 Ency. of Evidence, 14, 15; *Merchants' Nat. Bank v. Nichols & Shepard Co.,* 223 Ill. 41; *Thayer v. Meeker,* 86 Ill. 470; *Phillips v. Poulter,* 111 Ill. App. 330. The fact that after this suit was begun appellant claimed fixtures in the building does not prove that it had rented the building. Lasswell testified that he was buying beer from appellant in car load lots; that he paid cash for the beer and sold it to other parties as an independent dealer, and that he also sold the goods of the Coca-Cola Company of Peoria, but was not permitted to testify concerning the agency because of the objection of appellee. Charles H. Hessler testified that he was the wholesale manager of appellant and was the only person authorized to make leases and then they had to be ratified by appellant; that Lasswell had no authority to make leases for appellant, and that the only connection Lasswell had with appellant was to buy its goods outright and sell them again to the trade.

The appellant at the close of the evidence requested a peremptory instruction to the jury to return a verdict for appellant. There being no evidence either that appellant rented the building of appellee, or ratified the action of Lasswell in renting the building, the court erred in refusing the peremptory instructions. Since there is no evidence on which a judgment in favor of appellee can be sustained it is reversed with a finding of fact.

*Reversed with finding of fact.*

Finding of fact to be incorporated in the judgment: The appellant neither rented nor authorized or ratified any action of Lasswell in renting appellee's building.