## M. H. Forbes, Appellee, v. Star Paper Box Company, Appellant.

### Gen. No. 25,926.

1. LANDLORD AND TENANT—*when notice to lessee of assignment of lessor's interest and attornment to assignee unnecessary.* Under section 14 of the Landlord and Tenant Act (J. & A. ¶ 7052), notice to a lessee of the assignment of the original lessor's interest in a lease and attornment by the lessee to the assignee are unnecessary to vest in the assignee the full rights of the original lessor.

2. LANDLORD AND TENANT—*when notice requires compliance with lease in payment of rent.* Where, under a lease calling for payment of rent in advance on the first of each month, the rent had been paid generally about the middle of each month, a five-day notice demanding payment of rent, served on the third day of the month, amounted to notice that, notwithstanding the former practice, the plaintiff desired that in the future the rent be paid at the time stipulated in the lease.

3. LANDLORD AND TENANT—*what are landlord's rights on nonpayment of rent after five-day notice.* Where a lessee, upon nonpayment of the rent upon the first of the month as required by the lease, was served with the customary five-day notice and failed to pay the rent within the five days, the landlord had the right to consider the lease ended, under section 8 of the Landlord and Tenant Act (J. & A. ¶ 7046) and to sue for the possession of the premises under the statute relating to forcible entry and detainer.

4. FORCIBLE ENTRY AND DETAINER—*when instruction to find for plaintiff proper.* Where a lessee failed to pay the rent due though served with the usual five-day notice and even at the time of trial of a forcible entry and detainer action had not paid or offered to pay the rent due, the trial court was justified in instructing the jury to find defendant guilty of unlawfully withholding the premises from plaintiff and that the right to possession was in plaintiff.

5. FORCIBLE ENTRY AND DETAINER—*when five-day notice properly admitted in evidence.* On trial of an action for forcible entry and detainer where, upon objection to admission in evidence of the five-day notice, signed in the name of plaintiff by his agent and attorney, such agent testified to facts tending to show that he was the agent of plaintiff and had authority to sign and serve such notice, it was properly admitted in evidence.

Forbes v. Star Paper Box Co., 221 Ill. App. 156.

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed June 3, 1920.

EDWARD B. HEALY, for appellant.

GREEN, BEVERLY & RICE, for appellee; CHARLES E. GREEN, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On December 11, 1919, the plaintiff, M. H. Forbes, filed in the municipal court of Chicago a complaint in forcible detainer, alleging that she was entitled to the possession of the first and second floors of the building known as Nos. 312-316 Union Park court, Chicago, and that the defendant, Star Paper Box Company, a corporation, unlawfully withheld from her the possession thereof. The defendant's appearance was entered and a jury trial demanded. The defense, as disclosed from defendant's affidavit of merits, was (1) that at the time of the beginning of the suit it did not unlawfully withhold the said premises; (2) that plaintiff was a stranger to defendant and that defendant did not lease from her the said premises; and (3) that plaintiff was not entitled to the possession of the said premises or any part thereof.

On the trial, December 23, 1919, after both parties had introduced evidence, the court instructed the jury to return a verdict finding that the defendant was guilty of unlawfully withholding from the plaintiff the said premises and that the right to the possession thereof was in the plaintiff. The jury returned a verdict as instructed, and the court entered judgment that the plaintiff recover possession of the premises, also her costs, and that a writ of restitution issue, etc., which judgment the defendant by this appeal seeks to reverse.

It appears from plaintiff's evidence, in substance, that the defendant as lessee went into possession of the premises under a written lease, executed by Gulbransen-Dickinson Company, a corporation, as lessor, dated January 31, 1917, and for a term beginning May 1, 1917, and ending December 29, 1921; that by the terms of the lease the defendant, as lessee, covenated *inter alia* to pay as rent $200 a month, "payable on the first day of each and every month in advance during said term," and it was agreed that if the lessee should fail to perform any of its covenants the lessor should have the right to take possession of the premises by a proceeding in forcible detainer, and that all covenants in said lease contained should be binding upon the respective assigns of the parties; that on April 30, 1919, the lessor, Gulbransen-Dickinson Company, for a valuable consideration, in writing, assigned said lease to the plaintiff, M. H. Forbes, together with all rents accruing from May 1, 1919; that from May, 1919, up to and including November, 1919, one C. C. Heisen, the father of plaintiff, collected the rents for said months from defendant for and on behalf of plaintiff; that on December 3, 1919 (the defendant having failed to pay the rent for said premises due on December 1, 1919), plaintiff, by her agent and attorney, Charles E. Green, served the usual landlord's five-day notice upon defendant, demanding payment of the rent due and notifying defendant that unless the same was paid by December 8, 1919, its lease of the premises would be terminated; that at the time of the filing of plaintiff's complaint and at the time of the trial the defendant had not paid the rent, or any part thereof, for said month of December, 1919; and that at the time of the trial the defendant was still in possession of the premises but made no tender or offer of payment of the rent due.

It appears from the testimony of defendant's witness, Harry Jaffe, secretary of defendant, that about

Forbes v. Star Paper Box Co., 221 Ill. App. 156.

May 8, 1919, the defendant received a letter from C.
C. Heisen to the effect that Gulbransen-Dickinson
Company had paid to him "last month's rent under
your lease" and had also assigned that lease to him;
that thereafter defendant paid the rent for all suc-
ceeding months up to and including the month of No-
vember, 1919, to said Heisen; that defendant never
paid these instalments on the first day of each month
but usually about the middle of each month; that dur-
ing the period of these payments he (Jaffe) did not
meet plaintiff or receive any communication from her;
that he never heard her name until December 3, 1919,
the day defendant was served with said landlord's five-
day notice; and that he (Jaffe) never saw the written
assignment of the lease from Gulbransen-Dickinson
Company to plaintiff until the same was produced on
the trial.

The main contention of counsel for defendant is that
the trial court erred in instructing the jury to return
a verdict in plaintiff's favor, because the question
whether the relation of landlord and tenant existed
between plaintiff and defendant was, under the pecu-
liar facts, one for the jury to determine. This con-
tention is apparently based on the fact that the defend-
ant did not attorn to the plaintiff, as distinguished
from Heisen, as its landlord. But under section 14 of
the Landlord and Tenant Act (J. & A. ¶ 7052), as con-
strued by the decisions of *Howland v. White,* 48 Ill.
App. 236, and *Barnes v. Northern Trust Co.,* 169 Ill.
112, 116, notice to a lessee of the assignment of the
original lessor's interest in a lease and attornment by
the lessee to the assignee are unnecessary to vest in
said assignee the full rights of the original lessor.
And in the present case there is no dispute as to the
material facts. The defendant went into possession
of the premises in 1917 under a written lease expir-
ing December 29, 1921, and, as lessee, it covenanted to
pay the stipulated rent on the first day of each and

every month in advance during the term of the lease, and it agreed that if it did not do so the lessor should have the right to take possession of the premises by a proceeding in forcible detainer. On April 30, 1919, the original lessor assigned the lease to the plaintiff. About May 8, 1919, the defendant received notice that the lease had been assigned. The notice was such as to lead defendant to believe that the assignment had been made to one C. C. Heisen, who was the father of the plaintiff. Thereafter, and up to and including November, 1919, the defendant paid the monthly rent to said Heisen, and usually about the middle of each month. On December 3, 1919, the rent for that month not having been paid, plaintiff, by her agent and attorney, served upon defendant the usual landlord's five-day notice, demanding payment of said rent and giving defendant five days' time within which to pay said rent. This amounted to notice to defendant that, even though during former months defendant had been accustomed to pay the rent about the middle of the month, in the future plaintiff desired the rent paid at the time stipulated in the lease. But defendant did not pay the rent due within said five days and, under section 8 of the Landlord and Tenant Act (J. & A. ¶ 7046), plaintiff then had the right to consider the lease ended and to sue for the possession of the premises under the statute in relation to forcible entry and detainer, which action she took on December 11, 1917. Even at the time of the trial the defendant had not paid the rent due on December 1, 1919, and the record does not disclose that it made any offer to do so. We think that the trial court was fully justified in instructing the jury to find the defendant guilty of unlawfully withholding the premises from the plaintiff and that the right to the possession thereof was in her, and in entering the judgment appealed from. (*Marshall v. John Grosse Clothing Co.*, 184 Ill. 421, 425; *West Side Auction House Co. v. Connecticut Mut. Life Ins. Co.*, 186 Ill. 156, 161.)

It is further contended that the trial court erred in admitting in evidence the landlord's five-day notice, which was signed in the name of plaintiff by her agent and attorney. On the trial, upon objection being made by defendant to the introduction of the paper, said agent and attorney testified to certain facts tending to show that he was the agent of plaintiff and that he had authority to sign and serve such notice, and the same was thereupon admitted in evidence over objection. We do not think that the court erred. In *Richey v. Fred Miller Brewing Co.*, 180 Ill. App. 645, 647, it is said: "It is elementary law that an agency cannot be proved by the statements of the person claimed to be an agent, but an alleged agent is a competent witness to prove the agency." See also, *Thayer v. Meeker*, 86 Ill. 470; *Phillips v. Poulter*, 111 Ill. App. 330, 332.

Finding no error in the record, the judgment of the municipal court is affirmed.

*Affirmed.*

BARNES, P. J., and MATCHETT, J., concur.