Chicago City Bank and Trust Company, Appellant, v. Walgreen Company, Appellee.

Gen. No. 36,684.

Opinion filed November 21, 1933.
Rehearing denied December 4, 1933.

RATHJE, WESEMANN, HINCKLEY & BARNARD, for appellant; FRANCIS E. HINCKLEY and JAMES L. COLEMAN, of counsel.

MARKHEIM & ALLIE, for appellee; A. R. MILLER and H. M. OBERNDORF, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On December 29, 1932, plaintiff, as assignee of the lessors of a written lease to defendant of certain prem-

ises, commenced an action against it to recover the sum of $400, claimed to be due as rent for the month of December, 1932. On February 2, 1933, there was a trial without a jury, resulting in the court finding the issues in defendant's favor and entering a judgment against plaintiff for costs. The present appeal followed.

In plaintiff's statement of claim it is alleged that on February 4, 1930, Grace M. Kern and Mathias E. Owens, as lessors, leased to defendant, as lessee, the corner store of the building and premises located at the northwest corner of 79th street and Essex avenue, Chicago, to be occupied as a drug store, etc., for a term of 15 years commencing on April 1, 1930; that for the period ending March 1, 1940, the rent reserved was $400 a month and thereafter $450 a month; that on November 22, 1932, the lessors, by written assignment, assigned and transferred to plaintiff, as trustee, their entire interest in and to the lease and the rent reserved thereby; that defendant has defaulted in the payment of the rent due on December 1, 1932; and that there is now due to plaintiff from defendant the sum of $400. In the affidavit accompanying the statement of claim it is stated in part that plaintiff, as trustee, "is the assignee and equitable and *bona fide* owner" of the claim; that it acquired title to the claim by virtue of the assignment; and that it "was delivered to plaintiff in consideration of the obligation owing by said lessors to plaintiff, as trustee, under a trust deed conveying the said premises and the rents and profits thereof as security for the payment of a loan."

In defendant's affidavit of merits, after admitting the execution of the lease and its taking possession thereunder, it is alleged that Kern and Owens, on May 1, 1927, prior to the date of the lease, executed their promissory notes and gave their trust deed as security therefor to the plaintiff, as trustee, whereby they conveyed "all their right, title and interest in and to

the premises subsequently demised to this defendant,'' and that the lease to defendant ''is junior, subordinate and subject to said trust deed''; that on November 22, 1932, plaintiff, as trustee under said trust deed, entered into and took possession of the premises conveyed to it as such trustee, and is still in possession of said premises; that said entry ''under the paramount title derived under said trust deed . . . *terminated said lease by operation of law* on November 22, 1932, and *constituted an eviction* by operation of law of said Kern and Owens, lessors in said lease, and *likewise an eviction of this defendant''*; that defendant has at no time attorned to or entered into any agreement with plaintiff for the payment of rent for the premises in question; that defendant ''is *only* liable to plaintiff, in its capacity as trustee under said senior mortgage *for the reasonable value for the use and occupation of the demised premises* for the time which same has been occupied by it since the said entry of plaintiff as such trustee''; and that defendant ''is not indebted to plaintiff in any sum of money for rent *under said written lease,* or in any manner as set out in the statement of claim.''

On the trial plaintiff introduced the lease in evidence without objection and showed that defendant was *still in possession* of the demised premises (the drug store); that it had at no time been evicted therefrom or disturbed in its possession; but that it had defaulted in the payment of the sum of $400 for the rent due for the month of December, 1932. The lease is on a printed form with a typewritten rider attached, dated February 4, 1930, and the term and rent reserved is as stated in plaintiff's statement of claim. On the back of the lease, under a heading ''Assignment by Lessor'' and in a filled out printed form, is the following written assignment: ''In consideration of $1 to the undersigned in hand paid, and of other good and valuable

considerations, the undersigned, the lessor described in the within instrument, hereby transfers, assigns and sets over to Chicago City Bank & Trust Co., as Trustee, . . . his entire interest in and to the within lease and the rent thereby reserved." The assignment is dated November 22, 1932, and is signed and sealed by "Mathias E. Owens, by G. M. Kern" and by "Grace M. Kern." Immediately below is the further signature "Mathias E. Owens," and it was disclosed upon the trial that this further signature was placed thereon during the trial on February 2, 1933. In the 18th paragraph of the lease it is provided that "in the event *the interest on any incumbrance* against the property, of which the demised premises form a part and to which incumbrance this Lease is subordinate, shall not have been paid at the time the same becomes due and payable, the Lessee is hereby authorized, but not obligated, to pay same and charge the amount so paid against the rents accruing under this Lease, . . . ; and in the event the Lessor shall not have paid *the principal* of said encumbrance or mortgage when the same becomes due, . . . then in that event the Lessee shall have the right to purchase said incumbrance and deal with the same as its own property." In the 19th paragraph it is provided that "within ten days after the execution of this Lease, Lessor agrees to furnish to Lessee a *letter of ownership* from a reputable title or abstract company showing title to the leased premises in Lessor in fee and also showing all incumbrances against the property of which the demised premises are a part, . . . ; in the event of Lessor's failure to comply with the foregoing, or in the event that Lessee shall consider said letter unsatisfactory, or that the property is excessively encumbered, Lessee shall have the option of declaring this Lease null and void, unless such excessive encumbrance or defect in title shall be corrected within thirty days." And plaintiff on the trial intro-

duced evidence showing that within four days after the date of the execution of the lease the lessors had complied with this provision of the lease, as acknowledged in writing by the lessee (defendant). In the 20th paragraph of the lease it is provided that all covenants, promises and agreements therein contained "shall be binding upon, apply and inure to the benefit of the heirs, executors, administrators, *assigns or successors* respectively of Lessor and Lessee"; and in the 22nd paragraph that the words "Lessor" and "Lessee," wherever used in the lease, though expressed in the singular number, shall nevertheless be taken to apply to one or more persons, etc.

On defendant's behalf Edward J. Gasey, assistant cashier of plaintiff and who had previously testified for it, was called as a witness and he gave further testimony. Defendant also introduced in evidence four documents or writings, viz., (1) the original trust deed of May 1, 1927, wherein, as security for their indebtedness of $125,000, the then owners (Kern and Owens) of the building and premises (of which the drug store is a part) conveyed and warranted to plaintiff, as trustee, the building and premises "together with rents, issues and profits thereof"; (2) a document, dated November 22, 1932, signed by Kern and Owens and delivered to plaintiff, as trustee; (3) a letter, dated November 22, 1932, signed by Gasey, as plaintiff's assistant cashier, addressed to Glatt & Price (real estate managers) and giving to them certain authority as to the building and premises, and which letter is marked "Accepted" by them; and (4) a letter, dated December 2, 1932, addressed to plaintiff and written by defendant's attorneys, Markheim and Allie. It appears that in November, 1932, default had been made by the owners, Kern and Owens, in the payment of certain interest coupon notes and certain principal notes due on November 1, 1932; that a committee representing

the holders of said notes and other notes had filed in the superior court of Cook county a bill to foreclose the trust deed, and the appointment of a receiver was imminent; and that negotiations were had, resulting in said owners, as lessors in the lease to defendant of the drug store, on November 22, 1932, executing said assignment of the lease to plaintiff, as trustee, and also on the same day executing and delivering to it a written document which, after setting forth the then existing condition of affairs, reads in part as follows:

"AND WHEREAS, the undersigned are desirous that no receiver be appointed for said premises, and are willing that the Chicago City Bank & Trust Co., as trustee in said trust deed, take possession of the premises (i. é., said building of which said drug store is a part) and collect the rents, issues and profits *in lieu of the appointment of a receiver.*

"Now, THEREFORE, in consideration of the sum of one dollar . . . and other good and valuable considerations, the undersigned, being the owners of the legal title to said premises, do hereby surrender possession of said premises . . . to the Chicago City Bank & Trust Co., as trustee under said trust deed,

. . .

"It is further covenanted and agreed by the undersigned that the Chicago City Bank & Trust Co., as trustee, from this day henceforth, while the above entitled bill to foreclose is pending, or after it is dismissed, or if a decree is entered in the above entitled cause during the entire statutory period of redemption, may collect all of the rents, issues and profits thereof in its own corporate capacity and as trustee, or that it may employ agents, or an agent, or an agency corporation, to collect the rents, issues and profits of said premises, and that out of the rents so collected it may pay such agent or agents . . . and costs and expenses thereof, and all taxes and special

assessments levied against said premises, and that it may pay out of said rents the cost of maintaining said premises in good and tenantable condition, including decorating, repairs, coal, light and any and all expenses of said premises.''

It further appears that on the same day (November 22, 1932), Gasey's said letter was written and delivered to Glatt & Price, the real estate managers who prior thereto had been managing the building and premises for the owners, Kern and Owens. In the letter, after stating that plaintiff holds ''a surrender of possession'' of the building and premises by said owners, that the property ''consists of 10 stores and 24 apartments,'' and that plaintiff is authorized to collect all rents and to appoint an agent or agents for that purpose and also to manage the building, etc., it is further stated:

''We herewith authorize and appoint you to act as our agent for these premises, and to make collections of any and all rents, . . . and to do such other things in and about the premises as is customary for an agent to do, with the understanding, however, that this appointment is solely on a month to month basis, . . . It is further understood . . . that no expenses are to be incurred or contracts entered into without our consent first had thereto, with the exception of agent's commission, janitor's salary, water, light, and miscellaneous nominal emergencies. . . . Please indicate your acceptance of this agency on the terms set forth, by signing and returning to us the carbon copy of this letter enclosed herewith.''

It further appears that Glatt & Price immediately accepted the agency and proceeded to manage the building under plaintiff's direction, and collected rents from tenants, paid necessary expenses, etc., and were doing this work on December 29, 1932, when the present suit was brought. Defendant, however, refused to pay to said agents or to plaintiff the monthly rent

($400) due on December 1, 1932, although it remained in possession of the drug store, continuing its business. Sometime during December, 1932, and prior to the commencement of the present suit, defendant's attorneys' letter was delivered to plaintiff. It is dated December 2, 1932, is addressed to plaintiff and is as follows (italics ours):

"We have been consulted by Walgreen Co. relative to their occupancy of the store (stating its location) which is part of the building which you have heretofore taken possession of as trustee under trust deed dated May 1, 1927. Since you have taken possession of these premises under a mortgage superior in rank to the lease under which our client entered into possession of the premises, *the lease is no longer in effect* and, therefore, *our client should pay only the reasonable value of the use and occupation of the premises.* We shall be pleased to meet with you or your counsel at a convenient time *to fix and determine what this amount should be.* We have suggested to our client that until the correct amount is determined *future payments should be withheld.*"

In urging a reversal of the judgment appealed from and the entry of a judgment in this court in plaintiff's favor for the amount of $400 for the December, 1932, rent under the lease, plaintiff's counsel contend in substance (1) that because of the written assignment of November 22, 1932, of the lease by the original lessors (Kern and Owens) to plaintiff, followed by its accepting the same and acting thereunder, plaintiff as such assignee has the same remedy for the recovery of any rent due under the lease as the original lessors might have had if said assignment had not been made (citing sec. 14 Landlord & Tenant Act, Cahill's St. ch. 80, ¶14; *Howland v. White,* 48 Ill. App. 236, 243; *Barnes v. Northern Trust Co.,* 169 Ill. 112, 116; *Forbes v. Star Paper Box Co.,* 221 Ill. App. 156, 159; *Barr v. Florentine Alabaster Co.,* 174 Ill. App. 256, 258); and

(2) that because defendant originally became the lessee of the drug store with full knowledge of the existence of the trust deed upon the entire premises and remained in possession of the drug store throughout December, 1932, and thereafter, without any interference by plaintiff, there was no constructive eviction of defendant by operation of law or otherwise, as alleged in its affidavit of merits, and for the reason that it is well settled in this State that there can be no constructive eviction without a surrender of possession. (Citing *Keating v. Springer,* 146 Ill. 481, 495; *Leiferman v. Osten,* 167 Ill. 93, 99; *Giddings v. Williams,* 336 Ill. 482, 487; *Automobile Supply Co. v. Scene-in-Action Corp.,* 340 Ill. 196, 201.) The main contention of counsel for defendant is that, because plaintiff on November 22, 1932, took possession of the entire building and premises under the trust deed, such taking of possession ''terminated the junior or subsequent lease to the defendant.'' (Citing among other cases, *Gartside v. Outley,* 58 Ill. 210, 214, 215; *Greenebaum Sons Bank & Trust Co. v. Kingsbury,* 248 Ill. App. 321, 331, 333; *Jetzinger v. Consumers Sanitary Coffee & Butter Stores,* 268 Ill. App. 482, 485, 486.) After considering the evidence, the statute and the authorities cited by plaintiff's counsel, we are of the opinion that there is substantial merit in plaintiff's counsels' contentions, and, also that defendant's counsels' contention is not warranted under the undisputed facts. As we view the evidence it sufficiently appears, especially when consideration is given to the Kern and Owens written assignment of the lease to plaintiff and the latter's acceptance thereof under the then existing conditions, that plaintiff, as trustee for the holders of the mortgage notes, elected to consider the lease to defendant in full force and effect, and to recognize defendant as its tenant. (See *Gartside v. Outley,* 58 Ill. 210, 214.) It did nothing to disturb

defendant as tenant in the possession of the drug store, and it took immediate steps to cause the accruing rents to be collected from defendant and the other tenants in the building.

Defendant's counsel further contend in substance that, even if it be considered that the lease to defendant was not terminated by plaintiff's entry into the building and premises, still plaintiff cannot recover in the present suit because it was prematurely brought, in that it does not appear that the original lessors' assignment of the lease was signed by both of them prior to the beginning of the suit. In our opinion the contention is without substantial merit. It appears from the back of the lease and from the evidence that the assignment was signed by "Grace M. Kern" and by "Mathias E. Owens by G. M. Kern" on November 22, 1932. While it does not appear from the evidence that Owens gave Kern any power of attorney to sign his name to the assignment, it does appear that Owens' personal signature to the assignment was placed thereon on February 2, 1933, the day of trial. We regard that act of Owens as a sufficient ratification by him of Kern's act in signing the assignment for him and in his name, as of November 22, 1932.

Our conclusion is that the judgment of February 2, 1933, appealed from, should be reversed because of error of law, and, the facts being undisputed, that a judgment should be entered in this court for $400 in favor of plaintiff and against the defendant, Walgreen Co., and it is so ordered.

*Reversed and judgment here against defendant for $400.*

SULLIVAN, P. J., and SCANLAN, J., concur.